## Anspach *against* Brown.

To enable a plaintiff to recover a debt barred by a former recovery, there must be not only an acknowledgement of the debt, but a distinct and formal promise to pay or allow it.

ERROR to the common pleas of *Berks* county.

John Brown and Eve his wife, formerly Eve Rieth, against Magdalena Anspach, administratrix of Adam Anspach deceased, who was guardian of the said Eve. This was a *scire facias post annum et diem* to revive a judgment which was originally found against the defendant's intestate for the balance in his hands as the guardian of the plaintiff's wife, on the 8th of November 1833.

The defendant offered in evidence two receipts for payments made before the settlement of his account, and to support the offer he gave the following evidence:

George Forrer, sworn. "On the 16th day of November 1835, or a few days before, I had a conversation with John Brown; I had the money with me to pay the balance of the judgment; there were a few receipts which were not in Anspach's account as guardian, and I said to Brown, You will not require what has been paid to you already? Brown said, what he had once, he would not have again. These were the receipts of Kintzer and Sharf (*prout* the said receipts hereunto annexed). Dunn made a statement on a piece of paper, showing that the Kintzer and Sharf receipts had not been allowed heretofore, and Brown acknowledged it; said he had received it, and what he had once received he would not have again. I told him that there were 40 dollars charged against him in Anspach's book; he laughed and said, what he had he did not want again."

Cross-examined. "I mentioned the book too; Brown said he had received these, and what he had received, he would not have again. I had with me a statement which Mr Dunn had given me; I was at that time one of Anspach's assignees."

Jacob Sallade, sworn. "I drew this receipt (dated April the 2d, 1821, and hereto annexed); I have seen John Brown write; I believe the name to this receipt is his handwriting."

The plaintiff objected to the evidence, on the ground that these same receipts had been passed upon in a feigned issue directed by the orphan's court against the present defendant's intestate; and exhibited the record of that judgment. But the defendant relied upon the subsequent promise of the plaintiff to allow them, as testified to by Forrer and Sallade.

[Anspach v. Brown.]

But the court below (Banks, President) was of opinion that the declarations of Brown did not amount to such a distinct promise to allow the receipts as would avoid the effect of the judgment directly upon them. And accordingly rejected the evidence.

*Barclay* and *Gibbon*, for plaintiff in error, cited, 14 *Johns. Rep.* 468; 15 *Mass. Rep.* 207; 16 *Mass. Rep.* 306; 7 *Mass. Rep.* 14; 5 *Serg. & Rawle* 68; 1 *Binn.* 289; 1 *Rawle* 323; 6 *Watts* 48; 17 *Serg. & Rawle* 320; 5 *Mass. Rep.* 286.

*Smith*, for defendant in error, cited, 17 *Serg. & Rawle* 378; 1 *Penns. Rep.* 282; 3 *Whart.* 110; 1 *Esp.* 84; 7 *Term Rep.* 269; 1 *Esp.* 279.

PER CURIAM.—Let it be that there is an obligation, in morals, to pay a debt barred by judgment, which will support an express promise to pay it; yet there would be imminent danger of abuse, if equivocal expressions were left to a jury as evidence of it. We put such a debt on a higher footing than a debt barred by the statute of limitations, which requires no greater evidence of a promise to pay it than a distinct and unequivocal admission of continued responsibility for it, as we held in Berghaus v. Calhoun, 6 *Watts 219*, only because we were trammelled by decision. Here we are at liberty to say, as we would otherwise have done there, that there must be not only an acknowledgement of the debt, but a distinct and formal promise to pay or allow it. And we perceive no such promise here. The witness evidently approached the defendant to entrap him; and yet all he could extract from him was an admission that he had received the money, and a general declaration that "what he had once he would not have again." This was not a formal and deliberate promise to allow these payments, already judicially passed upon, and the evidence of it was properly excluded.

Judgment affirmed.