## JOHN L. McCORMICK *v.* SAMUEL A. BROWN.

EFFECT OF STATUTE OF LIMITATIONS.—The Statute of Limitations does not have the effect to extinguish a debt nor raise a presumption of its payment. It only bars the remedy, and thus becomes a statute of repose.

NATURE OF ACTION ON CAUSE THAT IS BARRED BY THE STATUTE.—When a creditor sues after the statute has run upon the original contract, his cause of action is not founded on the original contract, but upon the new promise; the original contract, or the moral obligation arising thereupon, being a sufficient consideration for the new promise.

NATURE OF THE CONTRACT RESULTING FROM MAKING THE STATUTORY ACKNOWLEDGMENT OR NEW PROMISE.—Under the provisions of the thirty-first section of the Statute of Limitations, there are two ultimate facts that may be proved in the mode therein prescribed—a continuing contract, and a new contract. · The statutory acknowledgment or promise, if made while the original contract is a subsisting liability, establishes a continuing contract; while, if made after the bar of the statute, a new contract is created.

LIMITATION OF ACTION ON NEW PROMISE TO PAY JUDGMENT.—An action on a new promise to pay a judgment, so as to avoid the bar of the statute, must be brought within four years from the making of the new promise.

NEW PROMISE NECESSARY TO SUPPORT ACTION ON CAUSE THAT IS BARRED.—A creditor cannot recover after the statute has run upon the original contract or obligation without proving a new promise.

IDEM—NATURE OF NEW PROMISE.—The new promise may be either express or implied. An express promise can only be established by producing the promise itself, in the form prescribed by the thirty-first section of the statute; while an implied promise can only be established by the production in like form of the acknowledgment prescribed in said section.

IDEM—NATURE AND SCOPE OF ACKNOWLEDGMENT.—An acknowledgment, within the statute, to support an implied promise, must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay. Such acknowledgment cannot be deduced from an offer or promise to pay a part of the debt, or the whole debt in a particular manner, or at a specified time, or upon specified conditions.

IDEM—TERMS OF EXPRESS PROMISE.—An express promise, to be available to the creditor, must be either direct, certain, and unconditional as to time or manner to pay the debt, or a direct offer to pay, unconditionally, a specified part of the debt, or a like offer, upon specified conditions, as to either time or manner, or both, to pay the whole or some part of the debt, or a direct conditional promise to pay the whole or a specified part of the debt; but in case of such offer or conditional promise, the creditor can only recover by showing an acceptance by him of the offer as made, or a peformance on his part of the prescribed conditions of the promise.

· APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The following are the material portions of the defendant's letter of the 4th of August, 1863:

"PLACERVILLE, August 4th, 1863.

"CAPT. J. L. McCormick, Peru, Illinois—Sir: I can now make your offer good. I have, by a little streak, made a small raise over expenses. I will say just what I can do. I can pay you three hundred and fifty dollars at any time now, and three hundred and fifty dollars in one year from the time I do the first, and four hundred dollars in two years from the date of first payment, in American gold coin. * * * I am as anxious to pay you, Captain McCormick, as you are to have it; but I would rather have my notes in this country. * * * No man shall ever lose one dollar by me, for sooner or later all will and shall be made right. I am interested in some silver leads that bid fair to prove good, and it matters not if my notes are not due, the moment I lay my hands on money enough to pay you, you shall have it. Now, what I wish to say is this: I want you to send my note to Mr. Jacoby. Clear me of that judgment in Ottoway. I will pay to him the first installment. Give him my notes, which will be paid on the day as soon as they become due, or sooner, if I can make the money. Now, to prove this, you may have Mr. Jacoby come and see if I cannot do it. * * What I say to you will be done without fail. If I could use my name, I could make money. * * * If I lack a few dollars of my own earning, I can get help to get through with this affair of yours from a friend. Now, all you have to do is to send to Jacoby or to myself, and as I have said before so I will surely do.

"Truly yours.                    S. A. BROWN.

"The three hundred and fifty dollars is ready. Let me hear from you soon.

"P. S. * * * Now, let me clear of that judgment at once, and I will save money; otherwise, I cannot. If in time to come I am successful, I will agree to pay you even more

for waiting on me.   You have nothing to fear about my not paying you, if you release me.    *   *   *

"Yours,                          BROWN."

The plaintiff had judgment, and the defendant appealed therefrom, and from an order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

*S. & Geo. E. Williams,* for Appellant.

The proper rule of construction of the language of the defendant, used in his letter of August 4th, 1863—being the only one relied on to support the alleged new promise or acknowledgment of the debt by the defendant—is that the language used by the party is to be interpreted according to the meaning and intention of the writer, and anything going to negative a promise is to be regarded as going to qualify every other expression used by him.   (3 Wend. 190; see also 15 Johns. 519; 2 Wash. C. C. 514; 11 Wheat. 309; *Edmonds* v. *Downs,* 4 Tyrw. Exchequer; *Davis* v. *Smith,* 4 Esp. 36; *Tanner* v. *Smart,* 6 B. and C. 603; *Brigstock* v. *Smith,* C. and M. Exchequer, 485; *Bell* v. *Morrison,* 1 Pet. 371; *Cocks* v. *Weeks,* 5 Wend. 257; *Allen* v. *Webster,* 5 Wend. 284; *Muneford* v. *Freeman,* 8 Met. 432; 3 Cush. 355; *Mitchell* v. *Clay,* 8 Texas, 444; *Poole's Ex.* v. *Rolfe,* 23 Ala. 701; *Smith* v. *March,* 6 N. H. 133; *Sherman* v. *Wakeman,* 11 Barb. 254.)

Applying this rule of construction, evidently it was the intention of Brown only to say that he could not and would not pay anything more than eleven hundred dollars, and that if McCormick would accept that amount in full satisfaction, first surrendering up the note, and canceling the judgment, that he would pay it at certain times.   This was clearly a conditional promise.   A certain and unequivocal acknowledgment of the debt, untrammeled with any kind of a conditional promise, is necessary to sustain the action.   If treated as a conditional promise, it clearly could not bind the defend-

ant until it had been accepted by the plaintiff. There is no evidence of such acceptance. (See cases *supra; also, Buck-master* v. *Russell,* 10 C. B., N. S., 745; Ang. on Lims. 250; *Hathaway* v. *Brady,* 26 Cal. 591.)

*George G. Blanchard,* for Respondent.

The letter of August 4th, 1863, contained a clear acknowledgment of the existence of the debt. An acknowledgment of a debt, to take the case out of the statute, need not express any intention to pay the debt; an intention to pay is to be presumed. If the debtor acknowledges the existence of the debt in writing, the provisions of the law are met. (Parsons on Bills and Notes, p. 648, note *b; Sluby* v. *Champlin,* 4 John. 461; 2 Starkey Ev., 5th Am. Ed., pp. 479 to 482; 4 Pick. 141; *Tanner* v. *Smart,* 2 B. & C. 609; 11 Wheat. 309; 4 East. 604; *Bell* v. *Morrison,* 1 Peters, 351; 3 Wend. 187; *McNamee* v. *Tenny,* 41 Barb. 495; *Stewart* v. *Foster,* 18 Abb. Pr. 305; *Hawley* v. *Griswold,* 18 N. Y. 558; 42 Barb. 18; 34 Barb. 359; *Loomis* v. *Deaker,* 1 Daly, 186.)

The new promise, and not the original contract, is deemed the cause of action. ( *Van Allen* v. *Feltz,* 32 Barb. 139; 9 Abb. Pr. 277.)

By the Court, Rhodes, J.:

The plaintiff alleges that in 1852 he recovered a judgment against the defendant in the Circuit Court for the County of La Salle, State of Illinois, for one thousand one hundred and fifty-five dollars and fifty cents; and that, in consideration thereof, the defendant, on the 4th of August, 1863, promised, in writing, to pay the whole of said judgment in gold coin. The action was commenced in June, 1866. The Court found that the defendant, on the 4th of August, 1863, in writing, acknowledged the debt to be due to the plaintiff, and at the same time and in like manner promised to pay

the same to the plaintiff in gold coin. The question is, whether the evidence sustains the finding.

It is provided by section thirty-one of the Statute of Limitations, that "no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this statute, unless the same be contained in some writing, signed by the party to be charged thereby."

There are two ultimate facts that may be proved in the mode prescribed—a continuing contract, and a new contract. The acknowledgment or promise made while the contract is a subsisting liability establishes a continuing contract; and when made after the bar of the statute, a new contract is created. In this case we have to deal with the latter aspect of the statute.

By the seventeenth section of the statute, an action upon a judgment can only be commenced within five years; and, by the same section, an action upon any contract, obligation, or liability founded upon an instrument in writing, other than a judgment or decree, is limited to four years. It seems now to be well established by the authorities that the statute does not operate to extinguish the debt—does not raise the presumption of payment—but it only bars the remedy, and thus becomes a statute of repose. This position is clearly sustainable upon principle, for if the debt is extinguished, there is no consideration for the new promise.

When the creditor sues, after the statute has run upon the orignal contract, his cause of action is not the original contract, for his action thereupon is barred, but it is the new promise. There are many authorities the other way, some holding that the new promise takes the case out of the statute, others that it removes the bar of the statute, and others still that it revives the original contract. But the better opinion is that the action is sustainable only upon the new promise, the original contract, or the moral obligation arising thereupon, binding *in foro conscientiæ*, notwithstanding the bar of the statute, being the consideration for the

new promise.   The thirty-first section is not an exception to the seventeenth—is not of the nature of a proviso to that section—like the disability clauses; but it provides the manner in which the original contract may be continued, or a new promise made.   Within what time must the judgment creditor, relying on the new promise, sue?   The answer, we think, would be unanimous that the action must be brought within four years from the making of the new promise.   The authorities upon the point of a new promise are very ably reviewed in Ang. on Lim., page two hundred and eighteen, and following; but the circumstances of this case do not require that we should pursue this question further, for whatever may be its true solution, the creditor cannot recover after the statute has run upon the original contract or obligation without proving the new promise.

The promise may be either express or implied.   Section thirty-one provides two modes in which the promise may be proved—the one by producing the promise itself, the express promise, and the other by the production of the acknowledgment from which the promise is implied.   The acknowledgment serves no other purpose than that, and there are no other means by which the implied promise may be proved.   When the express promise is shown, the acknowledgment, if there be one, has no effect, for the law will not imply a promise in the presence of an express promise covering the same ground.

The acknowledgment referred to in the statute is not such as may be deduced by inference from a promise or an offer to pay a part of the debt, or to pay the whole debt in a particular manner, or at a specified time, or upon specified conditions.   The acknowledgment, say the cases, must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay.   (*Bell* v. *Morrison,* 1 Pet. 351; *Sands* v. *Gelston,* 15 John. 511; *Jones* v. *Moore,* 5 Binn. 573; *Berghaus* v. *Calhoun,* 6 Watts, 219; *De Forrest* v. *Hunt,* 8 Conn. 185; *Russell* v. *Copp,* 5 N. H.

24

154; *Harrison* v. *Handley*, 1 Bibb. 443; *Bell* v. *Rowland*, 1 Hardin, 301; Ang. on Lim., Sec. 231, and note.)

Reliance is placed in this case mainly upon the defendant's letter of the 4th of August, 1863—the two earlier letters of the defendant amounting only to offers on his part to pay certain sums in satisfaction of his note. That letter does not amount to such an acknowledgment as is contemplated by the statute. It does not contain a direct acknowledgment—an express admission—that the amount of the judgment is due, or that he is willing to pay it.

It may be said that there is that sort of an implied acknowledgment that may be inferred in the case of every offer or promise, that the amount offered to be paid or promised to be paid is or will become due; but it is not the acknowledgment required by the statute, and it is of no avail to the plaintiff, because no promise arises therefrom by implication. It would be illogical to infer from an offer or promise to pay a given sum of money upon the original contract an acknowledgment, to infer a promise more comprehensive than that from which the acknowledgment was implied. An offer or promise to pay a certain sum, or deliver any article of value at a specified time, in satisfaction of the original debt upon which the statute has run, cannot, by this inverse implication, be construed as evidence of a promise to pay the whole debt, without a plain perversion of the meaning and intention of the provision of the statute.

The plaintiff claims that the letter proves the alleged new promise, while the defendant contends that it amounts only to an offer to pay certain sums at specified times, or at most, that it is a conditional promise. If it be an offer, the plaintiff cannot recover without showing an acceptance on his part; and if it be a conditional promise, the plaintiff must show a performance of the condition on his part, by the entry of satisfaction of the judgment recovered in 1852. (Ang. on Lim., Sec. 235.) But for the purposes of this appeal, it is not requisite that we should give construction to the letter in this respect, for if it amounts to a new promise,

the promise is to pay three hundred and fifty dollars on demand, three hundred and fifty dollars one year from the first payment, and four hundred dollars two years from that time.

This evidence does not correspond with the allegations of the complaint—of a promise generally to pay the amount of the judgment; nor does it sustain the findings.

Judgment reversed, and the case remanded for a new trial.

SAWYER, C. J., concurring:

I concur in the judgment, and in the views expressed in the opinion. I also think that the only promise found in the letters of the defendant is conditional, and that there is no intent or willingness to pay, even to the extent as to amount and terms of the promise, without a previous performance by the plaintiff of the conditions indicated, viz: a discharge of the judgment of record in Illinois, and a surrender to the defendant of the instrument upon which the judgment was obtained. An anxiety and persistent determination to accomplish this purpose, as a condition of the promise, is clearly manifest in all the letters of the defendant. There is no evidence of the performance of these conditions, and the conditional promise, without such performance, is ineffectual to take the case out of the bar of the statute.