JOHN A. HOWES, appellant, v. THEODORE J. LYNDE ET AL., respondents.

*Limitations — Res adjudicata — Practice.* — The appellant brought an action for the balance of an account for goods and chattels sold respondents between the 1st of October and the 3d of December, 1882. The complaint, to remove the account from the statute of limitations, alleged that, in another action brought in the same court on July 16, 1885, wherein the respondents had sued appellant, the latter had set up in his answer, by way of counterclaim or set-off, the account sued upon in the present suit, and that the replication of respondents to said answer admitted that a large portion of said goods and chattels had been received from him and another person, but that the court, in its findings and judgment in said action, had not determined the rights of either party as to the account. The respondents demurred to the complaint, on the grounds that no cause of action was stated therein, and it appeared on the face thereof that the cause of action was barred by the statute of limitations. *Held,* that the facts alleged were not sufficient to withdraw the claim from the statute, under section 53, division 1, Compiled Statutes, and that the demurrer was properly sustained; *held, also,* that the conclusion would seem to be irresistible that if the claim sued upon had been set up as a counterclaim in another action, as alleged, that it was *res adjudicata.*

*Practice — Counterclaim.* — The court said: "The record also presents a question as to whether the claim here sued upon could have been set up as a counterclaim in the other action, as alleged; but it is unnecessary to decide this point."

*Appeal from District Court, Gallatin County.*

R. P. VIVION, for the appellant.

The complaint in this action does not show upon its face that the cause of action therein stated was or is barred by the statute of limitations of this territory. Hence a demurrer will not lie. Comp. Stats., p. 81, secs. 87, 88. The bar of the statute must clearly appear on the face of the complaint. *Smith* v. *Hall,* 19 Cal. 85; *Smith* v. *Richmond,* 19 Cal. 477; *Ord* v. *De la Guerra,* 18 Cal. 67; *Sands* v. *St. John,* 36 Barb. 628. Respondents cannot raise the question for the first time in this court that the counterclaim set up by the defendants in the case of *Lynde* v. *Howes and McKeever* was not a legal set-off or counterclaim to plaintiff's cause of action. *Marden* v. *Wheelock,* 1 Mont. 49.

The commencement of an action before the same is barred by the statute keeps alive the rights and claims of all the parties to the suit, and these date from the filing of the original and not the amended complaint. *Lorenzana* v. *Camarillo,* 45 Cal. 125.

LUCE & LUCE, for the respondents.

The complaint alleges that the defendant became indebted to the plaintiff in the sum stated, "between the first day of October, 1882, and the third day of December, 1882," and also that the things furnished, etc., were all furnished, paid, done, performed, etc., "between the dates last aforesaid," and the prayer is for judgment for $2,189.12, with legal interest thereon from December 3, 1882. The action was brought April 13, 1888. This affirmatively shows a complete bar. Comp. Stats. Mont., sec. 44, p. 69; sec. 1, act of February 23, 1881, 12th session.

This being the case, the rule is, that, in order to maintain the action, the plaintiff was bound to show by further allegations a state of facts taking the case out of the statute, as, for instance, something that interrupted the prescription or the running of the statute, so as that the statutory period should not be deemed to have elapsed, or a new promise, and the like. *Smith* v. *Richmond,* 19 Cal. 477; *Mason* v. *Cronise,* 20 Cal. 211. Statutes of limitation are to be enforced like other statutes, not explained away. *Clementson* v. *Williams,* 8 Cranch, 72; *United States* v. *Wilder,* 13 Wall. 254.

"The acknowledgment referred to in the statute is not such as may be deduced by inference from a promise or an offer to pay a part of a debt, or to pay the whole debt in a particular manner, or at a specified time, or upon specified conditions. The acknowledgment must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to

pay." *McCormick* v. *Brown*, 36 Cal. 180; *Bell* v. *Morrison*, 1 Pet. 612, 618–621; *Moore* v. *Bank of Columbia*, 6 Pet. 86; *Pierce* v. *Seymour*, 62 Wis. 272–279; *Biddel* v. *Brizzolara*, 64 Cal. 354, 355; *Wetzell* v. *Bussard*, 11 Wheat. 309–315; *Fort Scott* v. *Hickman*, 112 U. S. 150.

If it is intended to be claimed that there was a new promise after the statute had run its course, then the complaint is fatally defective. No such promise is alleged. *McCormick* v. *Brown*, 36 Cal. 180; *Chabot* v. *Tucker*, 39 Cal. 434; *Porter* v. *Elam*, 25 Cal. 292; *Smith* v. *Richmond*, 19 Cal. 477.

De Wolfe, J. The appellant brought his action in the third district court of Montana Territory, for the county of Gallatin, to recover the sum of $2,189.12, alleged to be owing by defendant to him, on a balance of account for goods, merchandise, and other personal property sold and delivered by plaintiff to defendant between the 1st of October and the 3d of December, 1882.

The complaint then continues: "That on the sixteenth day of July, 1885, the said defendants commenced (by filing their complaint in this court) an action against the above-named plaintiff and one McKeever for violation of a certain contract, and for balance of account which they claimed in that suit was due to them from the defendants therein; that, thereafter, such proceedings were had and done in this court that the defendants in that suit filed their answer to plaintiff's complaint filed as aforesaid; and, in their said answer, set up, as counterclaim or set-off, the account sued on in this action, which answer was denied by said plaintiffs in their replication filed in that action; that, further, the plaintiffs, in their said replication, admitted the fact that they had received from the plaintiff in this cause, and one of the defendants in that case, John A. Howes, between the dates mentioned in this complaint, a large portion of

the goods and chattels, produce, provisions, and other personal property mentioned and designated in this complaint, and to secure or enforce payment for the same this suit is brought; that, thereafter, the whole subject-matter of the account now here sued upon was litigated before said court, but the court, in its finding and judgment in that action, did not determine the subject-matter of this suit, or the matter of the counter-claim set up in the answer aforesaid in that suit, or the right of either party relative thereto; that the counter-claim set up in the answer to that suit, as aforesaid, grew out of the same transaction between the plaintiffs and defendant therein; all of which is matter of record in this court."

Then follows a prayer for judgment. To the complaint, the defendant Lynde filed a demurrer: 1. On the ground that the complaint did not state facts sufficient to constitute a cause of action; 2. That said amended complaint shows on its face that the alleged cause of action was, at the commencement of said action, and now is, barred by the provisions of section 44 of the Code of Civil Procedure, page 69 of the Compiled Statutes of Montana, and is so barred by section 1 of the act of the twelfth legislative session of Montana Territory, approved February 20, 1881. The last ground of demurrer is the one relied upon in the briefs on file in the cause, and will be the only one considered by the court.

The legislative assembly of the territory, in 1881, amended the statute of limitations, as it existed prior to that time, by extending the time for commencing action on contracts, accounts, and promises not founded on a written instrument, and signed by the party chargeable therewith, to three years. This is plainly such an action, and the record presents the one question whether the action was barred at the time it was commenced, or whether the facts alleged in the complaint and above

recited take the cause of action out of the operation of the statute. Section 53 of the Code of Civil Procedure defines the acts which shall or may arrest the operation of the statute, and is as follows: "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this act, unless the same is contained in some writing signed by the party to be charged thereby." It is not claimed that any such written promise as is here required was made in this case, and that fact would seem decisive that the action was barred.

But the appellant claims that the demurrer admits the truth of the allegation alleged in the complaint above referred to, and that this is virtually an admission that defendant owes the debt sued for, and a promise to pay the same. We do not so understand either the admissions made or their legal effect. The allegation is, that in an action wherein Lynde and Holden were the plaintiffs, and the plaintiff in the present action and one Mc-Keever were the defendants, the plaintiffs, in replication filed in that case, admitted that they had received from John A. Howes a large part of the property and goods sued on in this action. Giving to this allegation the strongest and most favorable construction it is susceptible of in favor of the plaintiff, it does not fulfill the requirements of the statute so as to take the cause of action here sued upon out of the operation of the statute of limitations; it does not acknowledge any debt as due, or promise to pay any debt; it is not signed by any one, as required by the statute.

The supreme court of California, in the case of *McCormick* v. *Brown*, 36 Cal. 180, speaking of the statute of limitations, says: "The acknowledgment referred to in the statute is not such as may be deduced by inference, but must be a direct, distinct, unqualified, and unconditional admission of the debt for which the party is

liable and willing to pay"; referring to many authorities.

The respondent, with much reason, also insists that if the cause of action now sued upon was set up as a counterclaim in the suit referred to, it is *res adjudicata*, and the present suit does not lie. This appears an irresistible conclusion from the facts alleged in the complaint; if this is otherwise, then, plainly, the present action was not brought within the statutory period of limitation.

The record presents, also, a question as to whether the claim here sued upon, and by the complaint alleged to belong to plaintiff, could have been set up as a counterclaim in the former suit brought by Lynde against Howes and McKeever. But this is not necessary for us to decide. We find no error in the record, and therefore affirm the judgment of the district court.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.