BULLION & EXCHANGE BANK v. HEGLER.

(Circuit Court, N. D. California. April 18, 1899.)

No. 12,315.

1. FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—CONSTRUCTION.
State statutes of limitation are uniformly recognized by federal courts and given effect to as rules of decision, under Rev. St. § 721; and, in construing and applying them, such courts follow the decisions of the highest court of the state.

2. LIMITATION OF ACTIONS—CONSTRUCTION OF STATUTES—NEW PROMISE.
Statutes of limitation are regarded favorably as statutes of repose, and a writing to give a new cause of action or stay the bar of the statute for a renewed period must contain an express promise to pay a pre-existing debt or an acknowledgment of a present debt under such circumstances that a promise to pay may be inferred. A mere acknowledgment of the debt is insufficient.

3. SAME—INFERENCE OF PROMISE TO PAY FROM ACKNOWLEDGMENT OF DEBT.
A written acknowledgment of a debt before it has become barred by limitation, coupled with a statement by the debtor that he cannot pay, or that he does not see any chance to pay, unless he can sell some property, is not one from which a promise to pay can be inferred, unless it is shown that the stipulated condition has been reached.

On Motion of Defendant for a New Trial.

J. W. Dorsey and R. M. F. Soto, for plaintiff.
H. C. Firebaugh, for defendant.

MORROW, Circuit Judge. This is an action upon two promissory notes executed by the defendant in favor of the plaintiff at Carson City, Nev., on July 24, 1893, for $4,125 each. One of these notes was due and payable one year after date, and the other two years after date. With respect to the first of these notes declared upon, in the complaint it is alleged that afterwards, on the 25th day of October, 1895, the defendant, in and by an instrument in writing signed by him bearing date on that day, and afterwards, on the 10th day of December, 1896, in and by another instrument in writing signed by him bearing date on that day, acknowledged his liability

and signified his willingness, and therein and thereby did promise to pay the principal of said note, with the interest thereon. The complaint was filed February 4, 1897. To the cause of action based upon the first note, the defendant pleaded the statute of limitations, but made no defense to the cause of action based upon the second note. When the complaint was filed, the first of these notes, due and payable one year from date, had been due and payable more than two years. The second note, due and payable two years after date, had been due and payable a little over eighteen months. The statute of limitations set up as a defense to the first note, provided for in the Code of Civil Procedure of California, is as follows:

"Sec. 335. The periods for the commencement of actions other than for the recovery of real property, are as follows: * * *."

"Sec. 339. Within two years: An action upon a contract, obligation, or liability not founded upon an instrument of writing, or founded upon an instrument of writing executed out of the state."

Section 360 of the Code of Civil Procedure provides as follows:

"No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this title, unless the same is contained in some writing signed by the party to be charged thereby."

The writing upon which the plaintiff relies as taking the first note out of the statute of limitations is contained in the following correspondence:

T. R. Hofer, cashier of the plaintiff, wrote to the defendant the following letter on August 9, 1895:

"J. H. Hegler, Esq., San Francisco—Dear Sir: Attention is called to your two notes of $1,125.00 each to this bank,—one due July 24, '94, and one due July 24, '95. The interest on these notes to July 24, '95, is $1,320.00. If you cannot pay the principal, we should be very glad to have you pay the interest.

"Yours, truly,           T. R. Hofer, Cashier."

This letter was received by defendant at San Francisco, and replied to as follows:

"San Francisco, Oct. 25th, '95.

"T. R. Hofer, Esq., Cashier Bullion & Exchange Bank—My Dear Sir: Have neglected answering your letter calling my attention to note and interest due for the reason that I expected to see Mr. Williams and talk with him about it. But have not seen him. Beg to say that I cannot pay the note or interest time, nor until I can turn some realty or other property into cash, which seems impossible to do at present.

"I am very truly yours,           John H. Hegler."

Later, on November 11, 1896, Trenmor Coffin, acting as attorney for plaintiff, wrote to the defendant with regard to the notes as follows:

"Carson City, Nov. 11, 1896.

"J. H. Hegler, Esq., 222 Haight St., San Francisco, Cal.—Dear Sir: I still have your two notes, for collection, given by you to the Bullion & Exchange Bank on July 24th, 1893, for $4,125.00 each, due, respectively, in one and two years from their dates, with interest at eight per cent (8%) per annum from date of notes. Please be kind enough to inform me by return mail when you can make a payment upon these notes.

"Yours, respectfully,           Trenmor Coffin,

"Atty. for B. & Ex. Bank."

Receiving no reply, he wrote again as follows:

"Law Office of Trenmor Coffin.

"Carson City, Nev., Nov. 30, 1896.

"J. H. Hegler, Esq., 222 Haight St., San Francisco, Cal.—Dear Sir: On Nov. 11th last I wrote you concerning your two notes given by you to the Bullion & Exchange Bank on July 24th, 1893, for $4,125.00 each, and due in one and two years, respectively, after their dates, with interest at eight per cent (8%) per annum from date of notes, but have as yet heard nothing from you. Please be kind enough to advise me when you can make a payment upon these notes, and oblige

"Yours, respectfully,                     Trenmor Coffin,
                                          "Atty. for B. & Ex. Bank."

To this the defendant replied:

"San Francisco, Cal., Dec. 10th, 1896.

"Trenmor Coffin, Esq., Carson, Nev.—My Dear Sir: Yours of the 11th and 30th ult. reached me nearly at the same time, the former having followed me to the North and return. I penciled you a few lines on receipt just as I was leaving the city. Referring to the notes, I don't see any chance for me to pay anything on them just now, nor for certain until I can sell some realty. When I can do this, I can pay you at least a part. You may remember our talk on this matter on a former occasion. I saw Mr. Williams not long ago. Had quite a talk with him then. But he kindly did not remind me of my notes.

"Truly yours,                                         J. H. Hegler."

Upon this evidence, judgment was ordered entered in favor of the plaintiff on both notes. Defendant moves for a new trial on the ground of error in entering a judgment in favor of the plaintiff on the first note, for the reason that the statute of limitations had run and constituted a complete bar at the time the action was commenced; and, in support of the motion, it is contended—First, that the letters in evidence are too equivocal, vague, and indeterminate to constitute an acknowledgment from which a promise may be inferred, as required by law; and, second, if it amounts to a promise at all, it is conditional, and it is not claimed that the condition has been complied with.

It is provided in section 721 of the Revised Statutes of the United States:

"The laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

No laws of the several states have been more steadfastly or more often recognized by the courts of the United States as rules of decision than statutes of limitation of actions, as enacted by the legislatures of the states and as construed by their highest courts. Bauserman v. Blunt, 147 U. S. 647, 652, 13 Sup. Ct. 466; Metcalf v. Watertown, 153 U. S. 671, 14 Sup. Ct. 947; Campbell v. City of Haverhill, 155 U. S. 610, 614, 15 Sup. Ct. 217. For the determination of the question at issue in this case we must therefore look to the decisions of the supreme court of California.

The plaintiff relies upon the recent case of Southern Pac. Co. v. Prosser, in the supreme court (52 Pac. 836, in department, and 55 Pac. 145, in bank), as establishing a doctrine in this state under

which the letters in the present case must be held as containing a sufficient acknowledgment and promise to interrupt the running of the statute of limitations. In that case the letter was as follows:

"Dear Sir: Referring to that traction engine at Auburn, owned by me, and mortgaged to S. P. Co., I have not been able to sell it. * * * Now, sir, can't you give me a chance to pay you in work? The Co. employs many men, and, if you choose, you can procure some employment for me. I have a sick family, and am hard up personally, and need work, and want to pay you, besides. * · * W. S. Prosser."

With respect to the sufficiency of the acknowledgment contained in this letter to give the debt a new life, the court declared the law to be as follows:

"The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same. From such an acknowledgment the law implies a promise to pay. Code Civ. Proc. § 360; McCormick v. Brown, 36 Cal. 180, 184, 185; Biddel v. Brizzolara, 56 Cal. 374; Tuggle v. Minor, 76 Cal. 96, 18 Pac. 131; Wood, Lim. Act. §§ 68, 85."

The court held that the letter in question was an unqualified admission of an existing debt which defendant desired to pay, and also a request for leave to pay in a manner more convenient to the writer than that provided in the original contract; and that the suggestion of a peculiar mode of payment, not being proposed as a condition of the acknowledgment, did not impair the effect of the admission.

A second question in this case was whether, assuming that the written acknowledgment of the debt was sufficient to prevent the bar of the statute as to the personal obligation, it was such an instrument as is essential to create, renew, or extend a mortgage. The court was of the opinion that the question whether the lien of the mortgage was extinguished depended upon the further question whether the action was based upon the original obligation, or upon a new promise implied from the written acknowledgment of the debt. The court, speaking through the chief justice, says:

"A wide diversity of opinion upon this point may be discovered in the reported decisions of this court; but it is to be observed that these expressions of opinion were generally unnecessary, and have generally ignored the distinction between a new promise made before, and one made after, the statute has run. This distinction is very clearly stated in section 81, Wood, Lim. Act., as follows: 'The distinction between the acknowledgment of a debt before, and one after, the statute has run, consists merely in its effect upon the debt and the remedy. An acknowledgment or promise made before the statute has run vitalizes the old debt for another statutory period, dating from the time of the acknowledgment or promise, while an acknowledgment made after the statute has run gives a new cause of action, for which the old debt is a consideration.' This distinction seems to be recognized in the phrase, 'new or continuing contract,' in section 360, Code Civ. Proc., and is clearly stated by Mr. Justice Rhodes in his opinion in McCormick v. Brown, 36 Cal. 184, as follows: 'There are two ultimate facts that may be proved in the mode prescribed,—a continuing contract, and a new contract. The acknowledgment or promise made while the contract is a subsisting liability establishes a con-

tinuing contract, and, when made after the bar of the statute, a new contract is. created.' "

The distinction here drawn between an acknowledgment or implied promise with respect to an existing debt sufficient to continue it for another statutory period of limitation and an express promise made after the statute has run, sufficient to create a new contract, was for the purpose of determining whether the lien of the chattel mortgage remained as security for the payment of the debt.   If the original debt had been merely continued, then the mortgage lien remained as security for its payment; but if, on the other hand, the remedy for the enforcement of its payment had terminated and there was a new promise to pay the debt, then it followed that, as the mortgage had not been given as security for the new contract, there could be no foreclosure of the lien.   It was accordingly held that, as the original debt had been continued while the statute was still running, the mortgage lien remained as security for its payment.   This distinction was also necessarily involved in the question whether the acknowledgment or promise was sufficient to take the case out of the operation of the statute; and, as that is the question at issue in the present case, the distinction is to be observed, and the law. upon the subject followed, as far as it may be applicable to the facts of the case.   But this is not the only rule of construction resorted to by the courts in determining the character of the acknowledgment or promise that will continue an existing debt for another period of limitation.   It is now well established by the authorities that the statute of limitations is to be upheld and enforced, not as arising merely upon the presumption that from the lapse of time the debt has been paid or released, but upon the broad ground that it is a statute of repose, for the peace and welfare of society, and is therefore to be regarded favorably.   Bell v. Morrison, 1 Pet. 351, 360; McCluny v. Silliman, 3 Pet. 270, 279; Shepherd v. Thompson, 122 U. S. 231, 234, 7 Sup. Ct. 1229; Campbell v. City of Haverhill, 155 U. S. 610, 617, 15 Sup. Ct. 217; Spring v. Gray, 5 Mason, 305, 22 Fed. Cas. 978, 984; McCormick v. Brown, 36 Cal. 180, 184.   If the statute were to be enforced upon the theory that it merely fixes a period of time, the running of which establishes a presumption of payment, then any promise or acknowledgment in writing that would justify the inference that the debt had not been paid would be sufficient to remove the presumption of payment and fix a new period for the running of the statute, whether the contract is a subsisting liability or not.   But if, on the other hand, the statute is one of repose, then it is clear that the writing that will bar the statute should contain an express promise to pay a pre-existing debt, or acknowledge the existence of a present debt under such circumstances that a promise to pay it can be inferred.   Moreover, the statute requiring that the acknowledgment or promise to be sufficient evidence of a new or continuing contract should be in writing did not originate in Lord Tenderden's act (9 Geo. IV. c. 14) in a purpose to establish a new rule with respect to the character of the acknowledgment or promise, but to provide the kind of evidence by which the acknowledgment or promise should be proved; and it was never understood by the English courts that this act established the proposition

that a mere acknowledgment of a debt was sufficient to interrupt the running of the statute of limitation. Shepherd v. Thompson, 122 U. S. 231, 238, 7 Sup. Ct. 1229; Biddel v. Brizzolara, 56 Cal. 374, 380.

In this last case the plaintiff relied upon a written acknowledgment made by the defendant before the statute had run upon the original debt. The acknowledgment of the debt was contained in an agreement with another person wherein the payment of the debt was to be made by the latter. The court held that this acknowledgment was not sufficient; that the writing must contain an express promise or acknowledgment of the debt as an existing debt from which a promise may be inferred,—citing McCormick v. Brown, 36 Cal. 180; Farrell v. Palmer, Id. 187; Bell v. Morrison, 1 Pet. 362.

In the present case the defendant in his first letter says: "Beg to say that I cannot pay the note or interest time, nor until I can turn some realty or other property into cash, which seems impossible to do at present;" and in the second: "I don't see any chance for me to pay anything on them just now, nor for certain until I can sell some realty. When I can do this, I can pay you at least a part." There is an acknowledgment in both of these letters that the defendant is indebted to the plaintiff; but in neither case is it an acknowledgment from which a promise to pay the debt can be inferred. In other words, it is not an unqualified acknowledgment, since it is accompanied with the condition that he cannot pay, or he does not see any chance to pay, unless he can turn some realty or other property into cash; and there is no evidence that this condition has been reached.

It is clear that upon this evidence the court was in error in awarding a judgment in favor of the plaintiff on both notes. The defendant is entitled to a new trial.