HEIRS OF FRANCISCO MARÍA FRANCESCHI, Plaintiffs and Appellants, v. JOSÉ PILAR GONZÁLEZ, Defendant and Appellee.*

No. 5168. Argued May 8, 1931.—Decided December 18, 1931.

---

* NOTE.—On appeal to the U. S. Circuit Court of Appeals for the First Circuit, this decision was affirmed. See 62 F. (2d) 748.

902

F. *Parra Capó* and *López de Tord & Zayas Pizarro* for appellants. E. *Ramos Antonini* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The principal matters to be discussed in this opinion relate to the prescription of actions as permitted or enforced under section 950 of the Commercial Code. Under that section a promissory note drawn to the order of a person prescribes after three years. Necessarily the transaction involved must be a commercial one. Likewise it is settled jurisprudence that a note drawn to the order of a person is presumed to be commercial. *Barros* v. *Padial*, 35 P.R.R. 237; *Pierluisi* v. *Monllor*, 42 P.R.R. 6, and cases therein cited.

Was the issue of prescription duly presented in this case? Originally a complaint was filed setting out five promissory notes. The plaintiffs, to state a cause of action, but also apparently in anticipation of a defense by demurrer of prescription, averred in the complaint that the original owners and holders of the notes were not merchants nor that the consideration for the notes arose out of commercial transactions. The demurrer presented by the defendant was overruled. The defendant then answered, but did not raise in his answer the defense of prescription.

Thereafter the plaintiffs maintained, and the District Court of Ponce held, that the defendant waived the defense of prescription. We agree with the appellants that even if the defendant demurs on the ground of prescription he still should raise the defense specifically in his answer. From the complaint alone a defendant especially relying on the presumption of the commercial character of a negotiable promissory note might successfully present a demurrer and yet abandon the defense for the purposes of a trial. The

defendant may know that the obligation is a purely civil one and intend at the trial to rely on the other defenses. If he wants to raise the question of prescription the plaintiff should as a rule be duly advised by the answer. The demurrer may be interposed to make the plaintiff amend to set out the facts that would overrule the presumptive commercial nature of the notes or for other reasons. A demurrer overruled can not aid the answer. We think these principles are obvious and we cite no authorities. They emanate necessarily from the fundamental idea of the adjective law. *Audi alteram partem.* The other side must know the defense relied on and have an opportunity to defend. We say all this with the reserve that the appellee maintains that prescription under the Commercial Code is not a mere privilege, capable of waiver or renunciation, but, differently from the statute of limitations of the California and Puerto Rican codes, the action on a promissory note of a mercantile nature dies *proprio motu* once the prescriptive period has passed.

To decide this point definitely would, we think, be to change the trial court's theory. While perhaps if appellee is right the decision of the court below might be entirely justified, yet, a search of the record does not reveal that the attention of the judge was distinctly drawn to this contention. As we shall affirm the judgment on other grounds, we find it unnecessary to consider the special character of the prescription under the Commercial Code. It may or may not be similar to the prescription in the case of natural children as outlined in *Ciuró* v. *Ciuró*, 31 P.R.R. 691, and other cases.

After filing his original pleading, the defendant made repeated attempts both before and at the trial to amend the answer by presenting another wherein prescription was specifically set forth. The court just as steadily refused to permit the amendment. The theory of the court was in part at least that the defendant had obtained extension after extension to file an answer and yet had not raised the defense

of prescription. The court apparently denied its right to use a discretion under section 140 of the Code of Civil Procedure, but thought that even having the discretion it should not be exercised. A plaintiff acquires no permanent rights because an original answer fails to set out prescription. The privilege of amending answers as well as complaints is carefully guarded by the Code of Civil Procedure, sections 139 and 140. We think the court was mistaken, and the subsequent proceedings tend to confirm this view. The defense of the statute of limitations or prescription, if duly presented before the close of the trial, if not a total surprise to the plaintiff, ought to be tolerated. Time to the plaintiff to meet the defense could always be allowed. As appellee points out, the defense of the statute of limitations is not considered odious and we have so held.

As we all know, the delay of an attorney to present an answer is not always due to the difficulty of the proceeding. It may be that such an attorney has his mind temporarily engaged with other matters, and merely postpones from time to time, perhaps more or less with the consent of the attorney on the other side, the filing of an answer. The practice should not be encouraged, but the failure to allege a defense after having had the opportunity to do so does not prevent the application of section 140 of the Code of Civil Procedure.

The case went on to trial. After the plaintiffs had concluded the evidence, the defendant moved for a judgment of nonsuit. After various incidents and the filing of briefs, the court finally granted the said motion. The court held that the commercial nature of the promissory notes, or rather the presumption that the notes were commercial, had not been destroyed by the evidence for the plaintiffs.

We are rather inclined to the view that ordinarily the sufficiency of a complaint, or, to be more specific, a demurrer on the ground of prescription, could not be raised by a motion for nonsuit. The appellee and the court have the idea that the presenting of the defense of prescription by demur-

rer reserved the right of the defendant to raise it at trial. More or less we have given the answer to this contention in discussing the waiver of prescription in cases where the answer does not repeat the defense after the demurrer overruled. Nevertheless, we shall not disturb the judgment on this ground.

The plaintiffs, as it seems, attempted to anticipate the non-commercial character of these promissory notes. The defendant made repeated efforts to amend his answer to set up prescription. The trial was largely conducted on the theory that the defense of prescription could be raised and the plaintiffs themselves voluntarily adduced evidence tending to show the non-commercial character of the notes. Also, on the theory that the notes were originally mercantile, that there had been a new premise or a waiver of prescription.

The record convinces us, besides, that the court considered that there was a real issue of prescription before it.

The plaintiffs are subject to the following dilemma: Either the fourth paragraph of the complaint, which attempts to set up that the parties were not merchants and that the notes did not spring out of commercial transactions between the parties, is superfluous and means nothing at all, or else it must have some meaning. If it is superfluous, then given the presumption of prescription, the defendant is right in maintaining that no cause of action was stated. On the other hand, if said paragraph, as we have intimated, was an anticipation of the defense, then there could be no possible surprise at the trial and the court was justified in considering that the question of prescription, given all the additional circumstances, was before it. The attempt to show a new promise was a recognition of the mercantile character of the promissory notes and of their possible prescription. We feel bound to hold, under *People* v. *Valdés*, 31 P.R.R. 213, and the cases that follow it, that the answer may be considered as amended. The plaintiffs were not in any way sur-

prised, and the defense of prescription was the virtual issue in all the proceedings in this case.

One of the other questions raised by the appellants was that the notes did not have a mercantile character because under section 531 of the Commercial Code the original transaction should be shown, or, in other words, that the notes should show that the promisor received a thing of value for his promise. The notes did contain the words "value received", and under the authorities cited by the appellee there is no question that these words under all commercial practices sufficiently comply with the provisions of the statute. Section 444 of the Commercial Code; 4 Echavarri 379; *Román* v. *Martínez,* 25 P.R.R. 610. Furthermore, we do not find that this question was raised in the court below.

At the trial the plaintiffs, without attempting to amend their complaint, attempted to show a new promise. The appellee with a copious citation of authorities shows that a new promise is a distinct cause of action and should be so alleged. *McCormick* v. *Brown,* 36 Cal. 180; *Chabot* v. *Tucker,* 39 Cal. 434; *Rodgers* v. *Byers,* 127 Cal. 528. The appellee insisted on this point at the trial and did nothing to waive or renounce his right to be properly advised of this cause of action. The plaintiffs did not seek to amend their cause of action and the defendant did nothing to consent to the new cause of action or, necessarily as it was a motion for nonsuit, to present evidence to controvert the claim. The case in this respect is different from *Vázquez* v. *Freiría,* 27 P.R.R. 764, wherein at the trial the defendant admitted on the witness stand the new promise or interruption of the running of the statute. Section 48 of the Code of Civil Procedure, cited by the court below and by the appellee, requires that new promises should be in writing. We touched on this question in *Heirs of Martínez* v. *Fernández,* 19 P.R.R. 136, only to say that a promise in writing need not be alleged in the complaint. The opinion was written in English and the Spanish version is garbled. Section 48 of the Code of Civil Procedure, as follows, "No

acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this Title, unless the same is contained in some writing, signed by the party to be charged thereby," sufficiently covers the case.

Moreover, as has been pointed out by us, the testimony given by the plaintiffs to prove the non-mercantile character was not sufficient. This evidence tended to show that the principal plaintiff was a man who loaned money on property and took securities but was not a merchant, and that similarly the defendant was a farmer and not a merchant. This class of testimony did not exclude the possibility that the transaction between them was still a mercantile one. *Rosaly* v. *Alvarado,* 17 P.R.R. 100, 2 Estasen, *Comentarios al Código Mercantil,* page 13.

The parties have also discussed whether the acknowledgment or new promise involved in the case should not be treated differently from the acknowledgment or new promise under the American system, and other similar matters. As the decision turns on other grounds, we have found it unnecessary to enter into this question.

If we had any question of the application of some of the principles of pleading and procedure that we have discussed in this case, we still should not reverse the judgment. The provisions of section 142 of the Code of Civil Procedure are applicable:

"The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The judgment will be affirmed.

ON MOTION FOR REHEARING

Mr. Justice Wolf delivered the opinion of the Court.

This is a motion for reconsideration which contains eleven errors alleged to have been committed by this Court. We

shall consider sufficiently treated in our original opinion errors I, II, VI, VII, VIII, IX, X, and XI. In our original opinion we assumed that all the notes contained the words "value received" when in point of fact, as the appellants now point out, two of them did not contain these words. We have hitherto decided, as the main opinion shows, that notes drawn to order are presumptively mercantile. All these notes were drawn to the order of the payee and hence should be considered mercantile. At the main hearing and in the motion for reconsideration the appellant succession stresses the fact that section 531 of the Commercial Code requires that the origin and kind of value should be expressed in notes drawn to order. We have the idea that section 531 was not intended to apply to promissory notes themselves but rather to other classes of documents. In any event, paragraph 7 of section 531 has in fact become a dead letter. This court has consistently held that a note drawn to order is to be presumed commercial.

Furthermore, as the appellants themselves show, the fact of whether or not a note is mercantile is to be determined by the court wherein the note is presented. The burden of showing that these notes were civil instead of mercantile devolved upon the plaintiff succession. Moreover, the court below fully entered into the question and found that the notes were mercantile.

There was another question which inadvertently we failed to consider, namely, that of costs. The plaintiff succession maintains that the costs ought not to have been imposed, inasmuch as the answer was never amended and hence the plaintiffs were not duly notified of the defense of prescription. The thing that stands out in this case is that the defendant made continuous efforts to amend his answer and the plaintiffs even more tenaciously and with success prevented the formal amendment of the answer. We became convinced that the question of the mercantile character of the notes was the real issue before the court and that the

plaintiff succession was duly advised of this defense. We have no doubt that the court was in error in not having permitted the answer to be amended, and if it was not amended the principal fault lay in the strenuous opposition of the plaintiff succession. Of course if, as we have held, the court below was right in finding that the notes were mercantile documents, then the filing of the suit in itself would justify the imposition of costs. Therefore, we find no reason for modifying the judgment of the court in this regard, and the motion for reconsideration will be denied.

Mr. Justice Hutchison concurs in the result.