Sullivan, J.
This action in contract is predicated on a promissory note begun by a writ dated September 23, 1943. The note is as follows:
“Montpelier, Vt. Dec. 14, 1930
Six months after date for value received we jointly and severally promise to pay to the order of Montpelier Sav *169 ings Bank and Trust Company at its offices at Montpelier, Vermont, Seven Hundred and 00/100 Dollars with interest annually.
(Signed) Charles Zanleoni
(Signed) Elenore B. Zanleoni
(Signed) Matthew J. Doyle
(Signed) Annie E. Doyle
Due........”
The plaintiff paid the note in full with interest.
The defendant paid to the plaintiff the sum of two hundred dollars, the last payment being made August 21, 1937, leaving, a balance of five hundred dollars and accumulated interest of four hundred ninety-eight dollars.
The defendant set up the Statute of Limitations as one of his defences.
It was agreed at the trial that the note was signed by the defendant; that the plaintiff paid the note; that two hundred dollars had been paid on account to the plaintiff; that there was consideration for the note.
A letter was in evidence that was sent by the defendant to the plaintiff in the following language:
“July 27th, 1940.
Mr. M. J. Doyle.
40 Barre Street.
Montpelier, Vermont.
My dear Mr. Doyle:
I received a letter from Catherine today with reference to paying something on a long past due note. I surely am in sympathy with you and am so sorry to hear that you are not feeling well and worrying very much. I presume this is just another thing that people now days have to go through. I am sorry that at this time Jim that it is just impossible for me to do any *170 thing as to paying you anything on this note. I only wish that things were so that I could for I very well realize what- it means to you. I have my share of trouble and financial adjustments to make that I don’t know from one day to another what I am going to do myself. But I assure you in good faith that if the time comes that I can again g'et on my feet that I will take care of this obligation for you and in fact if I can help you I don’t know of a single person I would rather do it for than you. I looked up my insurance policies today and see if I could borrow something to help you out and find that I borrowed all I could to help defray both Nellie’s and Charlie’s expenses. Just as soon as I think I can do something for you I assure you I will get in touch with you. With kind personal regards and good wishes to the family, I am
(Signed) Charles Zanleoni.”
The following requests of the defendant were denied. 1. The evidence does not warrant a finding for the plaintiff. 4. The effect of a part payment of an obligation upon the running of the Statute of Limitations depends upon the circumstances in which such part payment was made and the intention of the debtor, as shown by his words and the circumstances accompanying part payment, should be looked to to determine whether such payment was a direct acknowledgment and admission of the debt as to take it out of the Statute of Limitations. 5. If the Court finds that the defendant is liable by virtue of the note in question, his liability is for a contributive portion of said note, rather than for the entire balance. 6. The payment on account, as alleged in the plaintiff’s declaration are insufficient to bar the running of the Statute of Limitations. 7. The letter dated July 27th, 1940, from the defendant to M. J. Doyle, is not such an acknowledgment or promise whereby the defendant is deprived of the benefit of the provisions of the *171 Statute of Limitations. 8. The evidence is sufficient to warrant a finding that the claim in question or the action thereon, is barred by the provisions of the (Statute of Limitations. These requests it is alleged were denied on facts found.
In finding for the plaintiff the court stated that the letter introduced in evidence above referred to resulted in a revival of the action and “constituted sufficient compliance with the provisions of the G. L. c. 260, sec. 13” and was an acknowledgment of the debt and a promise to pay same; that the defendant was the sole beneficiary of the note and that the plaintiff was an accommodation maker; that inasmuch as he paid off the original loan, he should be reimbursed in the sum of $998.
There is but a simple and single issue to determine, i.e. does the statute of limitations bar the plaintiff from recovery. It is the contention of the plaintiff who is supported by the trial judge that the letter was an acknowledgment of the debt and sufficient to take the action out of the application of the statute of limitations. The statute in question is G. L. (Ter. Ed.) c. 260, sec. 13. “No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made by, or is contained in, a writing signed by the party chargeable thereby.” G. L. (Ter. Ed.) c. 260, sec. 2 provides in part, that an action in contract shall, except as otherwise provided, be commenced only in six years next after the cause of action accrues.
In Gillingham vs. Brown, 178 Mass. 417 @ 420 quoting Lord Tenterden, C. J. in Tanner vs. Smart, 6 B. and C. 603 *172 “that the true doctrine is that an acknowledgment can be an answer to the statute only upon the ground that it is an evidence of a pew promise and that, while, upon a general ' acknowledgment, where nothing is said to prevent it, a general promise to pay may and ought to be implied, yet, where a debtor guards his acknowledgment and accompanies it with a declaration to prevent any such implication, a promise to pay could not be raised by implication.” Hammond, J. in the above case states “that if a new express promise to be set up in answer to the statute, its terms ought to be clearly proved, and that, if there be no express promise, but a promise is raised in law from the acknowledgment of the debtor, such an acknowledgment ought.to contain an unqualified admission of a previous subsisting debt for which -the party is liable and which he is willing to pay. It follows that if the acknowledgment be accompanied by circumstances, or words, which repel the order of an intention to pay, no promise can be implied.” Bell vs. Morrison, 1 Pet. 351. Jones vs. Moore, 5 Binn. 573. Berghaus vs. Calhoun, 6 Watts 219.
Anything going to negative a promise or intention to pay must be regarded as qualifying the language used.
The defendant in express language states in his letter to the plaintiff, “I am sorry that at this time Jim that it is just impossible for me to do anything as to paying you anything on this note.” This is a statement that he cannot pay. No promise to pay can be adduced from this language. Later in the letter the defendant states “that in good faith if the time comes that I can again get on my feet that I will take care of this obligation . . . ” If cannot be said that these words indicate a present promise to pay the plaintiff.
*173 In Cambridge vs. Hobart, 10 Pick. 232, 233, the rule laid down in that case and which is applicable to the instant case is “What shall amount to an acknowledgment of an existing debt must be determined by a consideration of all that the defendant has said, at any one time or conversation. The whole should be taken together, as well as the parts which qualify or negative, as those which seem to admit the debt. Such words must be construed according to their just and natural import, without putting upon them any force or constraint. The words thus construed, must amount to an unqualified acknowledgment, not only that the debt was just originally, but that, it continues to be so, in order to deprive a party of this defense; or that there has been a conditional promise to pay, and that the condition has been performed.”
The statement of the defendant that “I assure you in good faith that if the time comes that I can again get on my feet that I will take care of this obligation for you” is conditional in its terms and is a promise predicated, upon the financial ability of the defendant and there is no evidence that the condition has arisen whereby the defendant is able to pay. Gillingham vs. Brown, 178 Mass. 417, 422. Custy vs. Donlan, 159 Mass. 245. Baynton vs. Moulton, 159 Mass. 248.
In Gill vs. Gibson, 225 Mass. 226, 227 the defendant in a letter to the plaintiff who was seeking payment upon a promissory note, wrote, “as you well know that you. will get your money sqme day with interest if it is any way possible for me to do it” was held to be a conditional promise to pay when the promisor was able. There is no evidence in the record that the condition has been performed by his becoming able to pay. Mitchell’s Claim, L. R. 6 Ch. 822, 828. Custy vs. Donlan, supra.
*174 The statute of limitations is a bar to the plaintiff’s claim.
It was prejudicial error to deny the defendant’s request No. 1.
It is unnecessary to discuss the disposition of the defendant’s other requests that were denied as they become immaterial.
Finding for the plaintiff is vacated. A finding for the defendant is to be entered.