## FRANCIS H. KREBS *vs.* J. M. OLMSTEAD.

Suffolk. March 13. — September 8, 1884.

A creditor wrote to his debtor, asking him to send his note for the amount of the creditor's account. In reply, the debtor wrote that he was unable to send the note requested; that his mother's house and furniture had been sold at a mortgagee's sale; that his father had lost all of his property; that he himself was just starting in his profession, and was earning scarcely anything; that his uncle had assisted him in his education, but that he was then thrown on his own resources; and concluded as follows: "I hope, however, in the course of a few years to be in receipt of enough income to attend to your bill, together with others." *Held*, in an action on the debt, that the letter did not take the debt out of the operation of the statute of limitations.

CONTRACT for professional services rendered by the plaintiff to the defendant in February and March, 1876. Writ dated December 23, 1882. Answer, the statute of limitations. Trial in the Superior Court, before *Brigham*, C. J., who ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. W. Keith*, for the plaintiff.

*H. E. Swasey*, for the defendant.

MORTON, C. J. The general rules of law applicable to this case are well settled in this Commonwealth. As the plaintiff's original cause of action accrued more than six years before his suit was commenced, it is incumbent upon him, in answer to the defence of the statute of limitations, to prove a new promise in writing, either absolute or conditional, by the defendant within six years. This he may do by showing a direct and express written promise by the defendant to pay the debt, made within six years, or by showing an acknowledgment in writing by the defendant that the debt was due, made under such circumstances and in such terms as reasonably and by fair implication to lead to the inference that the debtor intended to renew his promise of payment, and thus make a new and continuing contract. But it is not enough to prove an admission of the debt, if it is accompanied by circumstances which repel such inferences, or leave it in doubt whether the debtor intended to make a new promise.

It is not the acknowledgment which renews or revives the debt; the question is whether there has been a new promise within six years, of which the acknowledgment is evidence more or less controlling. Pub. Sts. *c.* 197, § 15. *Bangs* v. *Hall*, 2 Pick. 368. *Gardner* v. *Tudor*, 8 Pick. 206. *Bailey* v. *Crane*, 21 Pick. 323. *Penniman* v. *Rotch*, 3 Met. 216. *Roscoe* v. *Hale*, 7 Gray, 274. *Weston* v. *Hodgkins*, 136 Mass. 326.

The principal difficulty in cases of this class is in applying these principles to the facts of each case as it arises; and in the performance of this duty, as the facts of each case usually vary from those of all others, previous adjudications are not of great assistance to us.

In the case at bar, the plaintiff, within six years before his suit was brought, wrote to the defendant, asking him to send his note for the amount of the plaintiff's account, payable at such time as was most convenient to the defendant. In reply, the defendant wrote: "I am, I regret very much to say, unable to send you the note you request. I have learned from others' experience to make it a matter of principle with me not to give my note either for my own or others' accommodation. You are perhaps aware that my mother's house and furniture in Worcester Square were sold last summer at a mortgagee's sale; that my father has been stripped of every cent of his property. As for myself, I am just starting in my profession, and am as yet earning nothing to speak of. My uncle has assisted me somewhat in my education, but now I am thrown on my own resources. From this explanation you see just how I am situated. I hope, however, in the course of a few years to be in receipt of enough income to attend to your bill, together with others."

In this letter, the defendant does not deny or question the plaintiff's debt; by fair implication, he admits it. But the letter does not contain any new promise to pay the debt. The plain object of the letter was not to make a new promise, but to refuse to make a new promise by giving a note as requested by the plaintiff. The only plausible ground for contending that the letter contains a new promise is founded upon the last sentence. If the defendant, after refusing to give a note, had seen fit to add, "I will attend to your bill when I am able," it might have been sufficient evidence of a new conditional promise.

*Woodbridge* v. *Allen*, 12 Met. 470. But he does not do this. The last sentence expresses a hope that at some future time he may " be in receipt of enough income to attend to your bill, together with others," but it contains no words of promise. Construing it in connection with the other parts of the letter, it cannot reasonably, or by fair implication, be inferred that the defendant intended by it to make a new promise, or create a new obligation.

The fact to be proved by the plaintiff is a new promise, and, in the opinion of a majority of the court, the letter is insufficient for this purpose.                          *Exceptions overruled.*