PATRICK J. CUSTY *vs.* MICHAEL J. DONLAN, executor.

Middlesex.    March 20, 1893. — May 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Statute of Limitations — Acknowledgment of Debt.*

A writing, signed by a debtor and delivered to his creditor on the day of its date, in these words, " Rec'd of C.," the creditor, " the sum of seven hundred dollars at various times to date, which is hereby acknowledged," is a sufficient acknowledgment to take the debt, no part of which has been paid, out of the statute of limitations.

CONTRACT, upon an account annexed, to recover the sum of $700, money lent by the plaintiff to Joseph H. Custy, the defendant's testator, at different times between September 15, 1869, and March 17, 1888. Writ dated November 17, 1891. The answer contained a general denial, and also set up the statute of limitations. Trial in the Superior Court, before *Braley,* J., who ruled that there was sufficient evidence to take the first three items of the account, amounting to $500, out of the statute of limitations; directed the jury to return a verdict for the plaintiff for $700; and, at the request of the parties, reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, judgment was to be entered for $200. The facts appear in the opinion.

*L. T. Trull & F. N. Wier,* for the plaintiff.

*W. H. Anderson,* for the defendant.

LATHROP, J. The only question in this case is as to the correctness of the ruling of the justice who tried the case in the Superior Court, that there was sufficient evidence to take the first three items of the account out of the statute of limitations. Pub. Sts. c. 197, § 1. In considering this question we shall lay aside the oral evidence of a promise to pay, which, under the Pub. Sts. c 197, § 15, was not admissible. *Sumner* v. *Sumner,* 1 Met. 394, 396. *Chace* v. *Trafford,* 116 Mass. 529. There remains the writing signed by the defendant, and delivered to the plaintiff on the day of its date, together with the

fact that no part of the money lent had been repaid. This writing, omitting the signature and the date, is in these words: "Rec'd of Patrick J. Custy the sum of seven hundred dollars at various times to date, which is hereby acknowledged."

We are met at the outset of this inquiry by the question of the meaning of this writing. If it is to be construed as merely an acknowledgment that, at certain times in the past, the signer had borrowed money of the plaintiff, it would not be sufficient, for there must be an acknowledgment of a present indebtedness. We are of opinion that the words "which is hereby acknowledged" have a broader meaning. The word "which" refers to the word "sum." The acknowledgment is an acknowledgment as of the date when made. The language used is to be construed as if it were, "I have received of Patrick J. Custy the sum of seven hundred dollars at various times to date, which sum of money I now acknowledge." If, then, there is the unqualified acknowledgment of an existing debt, nothing more is needed, as the acknowledgment was made within six years before the bringing of the writ.

It is undoubtedly true, as said by Chief Justice Morton, in *Krebs* v. *Olmstead*, 137 Mass. 504, 505, that "it is not the acknowledgment which renews or revives the debt; the question is whether there has been a new promise within six years, of which the acknowledgment is evidence more or less controlling." But it is also true that an unqualified acknowledgment of a debt as an existing debt is conclusive. This is conceded by all of the authorities in England, whence we derive our statute on this subject, and in this Commonwealth, from the case of *Tanner* v. *Smart*, 6 B. & C. 603, to the present day. The difficulty has arisen in cases where the debtor went beyond an acknowledgment, and used language which rendered it doubtful whether a promise to pay could fairly be implied. Thus, in *Tanner* v. *Smart*, Lord Tenterden, C. J., said: "Upon a general acknowledgment, where nothing is said to prevent it, a general promise to pay may, and ought to be, implied."

The law on this subject is thus stated in *Philips* v. *Philips*, 3 Hare, 281, 299, by Vice Chancellor Wigram: "The legal effect of an acknowledgment of a debt barred by the statute of limitations is that of a promise to pay the old debt, and for this

purpose the old debt is a consideration in law. In that sense, and for that purpose, the old debt may be said to be revived. It is revived as a consideration for a new promise. But the new promise, and not the old debt, is the measure of the creditor's right. If a debtor simply acknowledges an old debt, the law implies from that simple acknowledgment a promise to pay it; for which promise the old debt is a sufficient consideration. But if the debtor promises to pay the old debt when he is able, or by instalments, or in two years, or out of a particular fund, the creditor can claim nothing more than the promise gives him."

In *Mitchell's claim*, L. R. 6 Ch. 822, 828, the rule is thus stated, to the same effect, but more concisely, by Lord Justice Mellish: " There must be one of these three things to take the case out of the statute. Either there must be an acknowledgment of the debt, from which a promise to pay is to be implied; or, secondly, there must be an unconditional promise to pay the debt; or, thirdly, there must be a conditional promise to pay the debt, and evidence that the condition has been performed." To the same effect are other English cases. *Chasemore* v. *Turner*, L. R. 10 Q. B. 500. *Quincey* v. *Sharpe*, 1 Ex. D. 72. *Skeet* v. *Lindsay*, 2 Ex. D. 314. *Green* v. *Humphreys*, 23 Ch. D. 207. *Firth* v. *Slingsby*, 58 L. T. (N. S.) 481, 484.

These rules have been often recognized in this Commonwealth. Thus, in *Barnard* v. *Bartholomew*, 22 Pick. 291, 293, it was said by Mr. Justice Dewey: " Applying the familiar rule, now well settled in this Commonwealth, that in such cases there must be either an express promise to pay, or an unqualified acknowledgment of present indebtedness, and this unaccompanied by any evidence showing a determination not to pay, we think that the case of the plaintiff may be well sustained." In this case the debtor wrote: " I will thank you to let me have your account that you hold against me. Also I will thank you to state to me the credit that you have given me. You may depend on seeing me at your office on Monday next. I will endeavor to settle all my accounts with you; perhaps I shall not be able to pay the money; if not, we can find some way to settle." This was held to be a sufficient acknowledgment to take the case out of the statute.

In *Penniman* v. *Rotch*, 3 Met. 216, 218, it is said by Chief Justice Shaw: "The fact to be proved is a new promise to pay the debt. This may be inferred from an express and unqualified admission that the debt is due, but not from remote implication, or doubtful or equivocal words." See also *Bailey* v. *Crane*, 21 Pick. 323; *Woodbridge* v. *Allen*, 12 Met. 470; *Roscoe* v. *Hale*, 7 Gray, 274.

In *Walsh* v. *Mayer*, 111 U. S. 31, in answer to a letter from the holder of a note secured by mortgage, calling attention to the want of insurance on the mortgaged property, and saying, "The amount you owe me on the $7,500 note is too large to be left in such an unprotected condition, and I cannot consent to it," the mortgagors replied that they expected to insure in about four months twice that amount, and added, "We think you will run no risk in that time, as the property would be worth the amount due you if the building was to burn down." This was held to be an acknowledgement of an existing liability.

*Judgment on the verdict.*