### Gustav A. Wald *vs.* W. T. Arnold & trustee.

Suffolk.   January 21, 1897. — March 2, 1897.

Present: Field, C. J., Allen, Holmes, & Knowlton, JJ.

*Contract — Statute of Limitations.*

On April 8, 1895, A.'s attorney wrote B. that a bill for a certain amount of A. against B. had been placed in his hands for collection. On April 11, B. replied, "Your letter received and wish to say that I cannot pay it, and I don't know when I can." B.'s letter stated further the work he was doing, and the amount which he regarded as due on the bill. *Held,* that B.'s letter did not waive the bar of the statute of limitations.

Contract, on an account annexed. Writ dated May 2, 1896. The case was submitted to the Superior Court, and, after judg-

ment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

On April 8, 1895, the plaintiff's attorney wrote the defendant substantially as follows: " A bill against you has been placed in my hands for collection. The amount of the bill is $77.91, plus interest. Please give this matter your immediate attention."

On April 11, 1895, the defendant wrote a letter to the plaintiff's attorney, of which the following is a copy: " Your letter received, and wish to say that I cannot pay it, and I don't know when I can. Last week I got in two days' work, and one day this, so far. And furthermore the bill is $55.70 in all, deducting $20.00 on my last payment."

The debt due the plaintiff upon the account annexed to the plaintiff's declaration was $55.70, and the last item thereof was upon January 11, 1890. It was agreed that the defence of the statute of limitations must prevail unless the above letter of the defendant Arnold was sufficient to take the debt out of the statute.

*S. W. Wagner*, for the plaintiff.

*F. L. Norton*, for the defendant.

HOLMES, J. The theory on which an acknowledgment or new promise takes a debt out of the statute of limitations is that it waives the bar of the statute. *Ilsley* v. *Jewett*, 3 Met. 439, 445. See *Bigelow* v. *Norris*, 139 Mass. 12. Therefore were the matter a new one, perhaps the question might be raised whether an acknowledgment before the statute had run, when there was nothing to waive and the liability was undeniable, ought to have any effect. But probably the whole doctrine is a relic of the time when the statute was regarded with disfavor and evaded as far as possible; Langdell, Con. § 73; *Bangs* v. *Hall*, 2 Pick. 368, 372, 373; and the distinction suggested has not been observed. In *Custy* v. *Donlan*, 159 Mass. 245, the acknowledgment was signed before the statute had run on the last two items recovered. So the statute had not run at the date of the letter relied on in *Krebs* v. *Olmstead*, 137 Mass. 504. See also *Penniman* v. *Rotch*, 3 Met. 216, 218; *Carlton* v. *Ludlow Woolen Mill*, 27 Vt. 496; *Patton* v. *Hassinger*, 69 Penn. St. 311, 315; *Mastin* v. *Branham*, 86 Mo. 643, 651; Pollock, C. B., in *Cornforth* v. *Smithard*, 5 H. & N. 13, 14. We assume that no question is open upon this point.

But we are of opinion that the letter is not a waiver of the statute bar. When it is said in *Custy* v. *Donlan*, 159 Mass. 245, 246, that an unqualified acknowledgment of a debt as an existing debt is conclusive, the remark is perfectly true of such an acknowledgment as was before the court, which on its face imported an admission that at that time there was no defencè. So as to the letters passed on in *Barnard* v. *Bartholomew*, 22 Pick. 291, *Cornforth* v. *Smithard*, 5 H. & N. 13, and *Quincey* v. *Sharpe*, 1 Ex. D. 72. But it is not meant that an admission of the undeniable facts that a debt has been incurred, and has not been satisfied, will waive the statute. The language used must go further than that. The letter before us stops at that point. It states a present inability to pay, holds out no hope for the future, impliedly admits no more than that the defendant did incur a certain debt in the past, and leaves the plaintiff to consider what he will do next. It goes no further than the acknowledgment which was held insufficient in *Krebs* v. *Olmstead*. See also *Weston* v. *Hodgkins*, 136 Mass. 326.

*Judgment for the defendant.*