THOMAS C. GILLINGHAM, administrator, *vs.* THOMAS
W. BROWN.

Suffolk.    November 14, 1900. — April 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Under Pub. Sts. c. 197, § 15, providing, that an acknowledgment or promise, in
order to take an action of contract out of the operation of the statute of limita-
tions, must be "made or contained by or in some writing signed by the party
chargeable thereby," and § 16 of the same chapter providing, that "nothing con-
tained in the preceding section shall alter, take away, or lessen the effect of a
payment of principal or interest made by any person," a part payment may be
proved by oral evidence and the language accompanying the payment is admis-
sible to show the intent with which it was made.

In an action on a promissory note, where a part payment by the defendant is relied
upon to take the case out of the statute of limitations, if it appears that after
the period of limitation had expired the defendant made an oral promise to pay
the note in monthly instalments of $10 each, and that he paid $5 under this
agreement, the only promise that can be inferred from such payment is a prom-
ise to pay by instalments, and the plaintiff can recover only the instalments due
at the date of his writ.

Discussion by HAMMOND, J., of the law and authorities as to the character of the
acknowledgment, promise or part payment required to take an action of contract
out of the operation of the statute of limitations.

CONTRACT upon a promissory note for $450 dated October 22,
1872, payable on demand.   Writ dated April 3, 1899.

The answer, among other things, set up the statute of
limitations.

At the trial in the Superior Court, before *Richardson*, J., the
plaintiff produced the note, and there appeared thereon three
indorsements, respectively, of the following tenor : " Jan. 22,
Rd twenty-five." " April 18, Rd twenty-five dolls." " April
27th, 1898, received 5 Five dollars." The plaintiff introduced
evidence tending to show that the first and second indorsements
were made by the plaintiff's intestate in 1873, and that the pay-
ments therein referred to were then made by the defendant after
a demand made upon him ; that no further payments were made
except as follows: that some time in February, 1898, the de-
fendant orally agreed to pay the note in monthly instalments of
$10 each, the first instalment to be paid by a check to be sent
by him the following month ; that the defendant, having failed

to pay this instalment, a Mrs. Noble, sister of the plaintiff, acting by his authority, on or about the date of the third indorsement called upon the defendant at his place of business, and demanded payment " of the ten dollars " or a payment " on account of the note " ; that the defendant said he could not pay her $10, but would pay her $5, and did so, and that upon returning to her home she made the third indorsement.

The defendant admitted giving her the $5, but testified that " it was an act of charity " and " to get rid of her," and that in giving it he stated that it was not on account of the note, and denied agreeing to pay in monthly instalments of $10 each.

The defendant asked the judge to instruct the jury, " That if the jury should find that the defendant agreed to pay the note only in instalments of ten dollars per month, and that the payment of the five dollars was given and taken in pursuance thereof, the plaintiff could only recover the instalments due to the date of the writ."

The judge refused to give this instruction, but instructed the jury, that if they found that the defendant made a payment on account of the note at or about the date of the third indorsement their verdict should be for the plaintiff for the amount of the note with interest from the date of the demand for payment, if any demand was made, after deducting the payments indorsed on the note.   To this refusal and instruction the defendant excepted. The judge gave appropriate instructions to the jury on all other questions in the case in terms not objected to.

The jury found for the plaintiff in the sum of $1,049.40 ; and the defendant alleged exceptions.

*S. H. Tyng & G. M. Hobbs,* for the defendant, submitted the case on a brief.

*S. W. Clifford,* for the plaintiff.

HAMMOND, J.   This is an action upon a demand note dated October 22, 1872.   At the trial, the plaintiff, in order to meet the defence of the statute of limitations, proved that the defendant delivered to the agent of the plaintiff in April, 1898, $5 ; and the chief question was whether this money was delivered in part payment of the note, and, if so, whether under the circumstances it had the effect of making the defendant liable to pay the remainder of the note at once, or only by instalments.

The plaintiff's evidence tended to show that in February, 1898, the defendant orally agreed to pay the note in monthly instalments of $10 each, the first instalment to be paid on the first of the following month; that, the defendant failing to pay as promised, the plaintiff's sister as his agent called upon the defendant and demanded payment " of the ten dollars," or a payment " on account of the note "; that the defendant said he could not pay $10, but would pay her $5, and did so, and the payment was indorsed on the note.

The defendant admitted giving the agent the $5, but testified that " it was an act of charity " and that it was done " to get rid of her," and that in giving it he stated that it was not on account of the note; and he denied that he ever agreed to pay in monthly instalments.

In this state of the evidence the defendant asked the court to rule that if the jury should find that the defendant agreed to pay the note only in instálments of $10 per month, and that the payment of the $5 was given and taken in pursuance thereof, the plaintiff could only recover the instalments due to the date of the writ. The court declined so to rule, and instructed the jury in substance that if the defendant made this payment on account of the note their verdict should be for the plaintiff for the amount of the note and interest from the date of demand, after deducting the payments indorsed on the note. To the refusal to rule as above requested and to the ruling given the defendant excepted. The jury found for the plaintiff in the sum of $1,049.40.

The verdict shows that the jury found that the $5 was paid by the defendant on account of the note and not as an act of charity as he contended. But it does not settle the question whether it was paid in pursuance of an agreement to pay on instalments, or upon the note generally without reference to that agreement; and, since the evidence would warrant a finding either way on that question, it is plain that if it was material it should have been submitted to the jury.

The St. 21 Jac. I. c. 16, in which first appears a limitation as to the time of bringing personal actions, and upon which are modelled the various statutes of limitation in the United States, expressly provides that all such actions should be brought within

the times therein prescribed; and it makes no mention of the effect of a new promise, acknowledgment or part payment. In every form of action but that of assumpsit, the construction has been in unison with the express words of the statute, but, as to that action, the statute has had a varied experience in running the gauntlet of judicial exposition. There was early read into it a provision that in an action of assumpsit a promise of payment within six years prior to the action would avoid the statute, but that a confession, or simple acknowledgment by the debtor that he owed the debt would not be sufficient. *Dickson* v. *Thomson*, 2 Show. 126. At a later period, however, it was held that an acknowledgment was evidence from which a jury might properly find a new promise to pay. *Heyling* v. *Hastings*, 1 Ld. Raym. 421; *S. C.* Comyns, 54. Still later, Lord Mansfield said in *Quantock* v. *England*, Burr. 2628, that the statute did not destroy the debt, but only took away the remedy; and that if the debt be older than the time limited for bringing the action the debtor may waive this advantage, and in honesty he ought not to defend by such a plea, " and the slightest word of acknowledgment will take it out of the statute." In *Tanner* v. *Smart*, 6 B. & C. 603, however, the pendulum swung the other way, and Lord Tenterden, C. J., after saying that there were undoubtedly authorities to the effect that the statute is founded on a presumption of payment, that whatever repels that presumption is an answer to the statute, that any acknowledgment which repels that presumption is in legal effect a promise to pay the debt, and that, though such acknowledgment is accompanied with only a conditional promise or even a refusal to pay, the law considers the condition or refusal void, and the acknowledgment itself an unconditional answer to the statute, proceeds in an able opinion to say in substance that these cases are unsatisfactory and in conflict with some others, and that the true doctrine is that an acknowledgment can be an answer to the statute only upon the ground that it is an evidence of a new promise, and that, while, upon a general acknowledgment, where nothing is said to prevent it, a general promise to pay may and ought to be implied, yet, where a debtor guards his acknowledgment and accompanies it with a declaration to prevent any such implication, a promise to pay could not be raised by implication. This is a leading case in England on this subject.

In this country, it has very generally been held that the statute of limitations is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands after the true state of things may have been forgotten, or may be incapable of explanation by reason of the loss of evidence, that if a new express promise be set up in answer to the statute, its terms ought to be clearly proved, and that, if there be no express promise, but a promise is to be raised in law from the acknowledgment of the debtor, such an acknowledgment ought to contain an unqualified admission of a previous subsisting debt for which the party is liable and which he is willing to pay. It follows that if the acknowledgment be accompanied by circumstances, or words, which repel the idea of an intention to pay, no promise can be implied. *Bell* v. *Morrison*, 1 Pet. 351. *Jones* v. *Moore*, 5 Binn. 573. *Berghaus* v. *Calhoun*, 6 Watts, 219. *Sands* v. *Gelston*, 15 Johns. 511. *Danforth* v. *Culver*, 11 Johns. 146. *Purdy* v. *Austin*, 3 Wend. 187. In this last case the court say that the statute is one of repose and should be maintained as such; that, while the unqualified and unconditional acknowledgment of a debt is adjudged in law to imply a promise to pay, the acknowledgment of the original justice of the claim without recognizing its present existence is not sufficient; and that anything going to negative a promise or intention to pay must be regarded as qualifying the language used.

This doctrine was approved by this court in the leading case of *Bangs* v. *Hall*, 2 Pick. 368, in which Putnam, J., after a review of the authorities, says: " On the whole, we are satisfied that there must be an unqualified acknowledgment, not only that the debt was just originally, but that it continues to be so, . . . or that there has been a conditional promise which has been performed, as is before explained."

To answer the statute there must be a promise express or implied from an acknowledgment of the debt as a present existing debt. If the promise whether express or implied be conditional, it must be shown that the conditions have been fulfilled. *Cambridge* v. *Hobart*, 10 Pick. 232. *Sigourney* v. *Drury*, 14 Pick. 387. *Krebs* v. *Olmstead*, 137 Mass. 504.

While the original debt is the cause of action, *Ilsley* v. *Jewett*,

3 Met. 439, the liability of the debtor is determined not by the terms of the old but by those of the new promise. As stated by Vice Chancellor Wigram in *Phillips* v. *Phillips*, 3 Hare, 281, 300, " The new promise, and not the old debt, is the measure of the creditor's right. . . . If the debtor promises to pay the old debt when he is able, or by instalments, or in two years, or out of a particular fund, the creditor can claim nothing more than the promise gives him." *Custy* v. *Donlan*, 159 Mass. 245. *Boynton* v. *Moulton*, 159 Mass. 248.

Pub. Sts. c. 197, § 15, provides that no acknowledgment or promise shall be evidence of a new or continuing contract to take the case out of the operation of the statute, unless contained in some writing signed by the debtor, and in § 16, that nothing in this provision shall be taken to alter, take away or lessen the effect of a part payment of principal or interest; and it may be contended that the effect of these two sections is to exclude all parol evidence whatever bearing upon an acknowledgment or new promise by part payment or otherwise, whether the creditor be attempting to avail himself of it for attack, or the debtor for defence. But that does not seem to us to be the result. The language is that the provision of the fifteenth section shall not be taken to alter, take away or lessen the effect of part payment. But what was the effect of part payment before this statute requiring the promise or acknowledgment to be in writing? Its effect depended upon the circumstances. If a debtor made a part payment as such, it was considered as an acknowledgment that the whole debt was due, otherwise it could not be a part payment; and so it stood upon the same footing as any other unconditional acknowledgment, and from it the law, in the absence of anything to the contrary, implied a promise to pay the whole. It had no validity to answer the statute except as an acknowledgment of the debt. In the language of Tindal, C. J. in *Clark* v. *Hooper*, 10 Bing. 480, in the mind of the party paying such a payment must be " a direct acknowledgment and admission of the debt, and is the same thing in effect as if he had written in a letter to a third person that he still owed the sum in question."

But suppose a debtor says to his creditor " I acknowledge the debt to be just, that it never has been paid, and that I have

no defence except the statute of limitations. I am willing to pay and I do hereby pay to you one half of the debt, but I do not intend to waive the statute as to the rest. On the contrary I insist on my defence as to that, and I never will pay any more." Can it be said that from such a part payment, accompanied by such a distinct affirmation of the debtor's intention not to pay more but to insist upon his defence under the statute, the law would have implied a promise to pay the remaining half?

Again, suppose a debtor says to his creditor " Your claim against me is just, it never has been paid, and my only defence to it is the statute of limitations. I am not able to pay it now, but I will pay it when and as fast as I am able, but I will not pay in any other way, and I insist upon my defence under the statute except so far as I now waive it. I am able to pay and I do now pay you ten dollars with this understanding." Can it be said that from such a part payment the law would have implied a promise to pay the debt according to its original terms ?

To come a little more closely to what the jury might have found the facts to be in this case, suppose the debtor agrees to pay in instalments and in no other way, and clearly declares his intention to pay in no other way, and then makes a payment in compliance with the new promise. Can it be said that from such a part.payment the law would have implied a promise to pay the debt in any other way ? Such an interpretation of the words and act of the debtor would be inconsistent with the understanding of both parties, and would be unreasonable and unjust.

Such a partial payment as that named in either of the three cases above supposed must be construed as a conditional and not an absolute waiver. The waiver must be taken as it is, absolute if absolute, conditional if conditional. And on principle that must be so, whether it be found in a verbal promise or in a payment. There is no ground for a satisfactory distinction between a waiver by word and a waiver by an act. Each is evidence of a new promise and operative only as such ; and while the cause of action is the old promise, the measure of the liability is determined by the new one.

Now it is expressly declared in Pub. Sts. c. 197, § 16, that the

provisions of the preceding section shall not be taken to alter, take away or lessen the effect of a part payment. There can be no doubt that prior to the passage of the law contained in § 15 a partial payment made in pursuance of an agreement to pay by instalments did not have the effect of making the debtor liable in any other way. To say that the provisions of § 15 do have that effect is to alter the effect of such a part payment, and so is inconsistent with § 16. The law with respect to part payment is to remain as before, and the language accompanying the payment is admissible to show the intent with which the payment is made, just as it was admissible before, and that is so whether or not it contains a promise to pay upon which the creditor could have maintained an action prior to the requirement that it should be in writing.

In the case at bar there was evidence tending to show that the defendant had orally agreed to pay in monthly instalments of $10 each, and if such an agreement had been in writing it could have been enforced according to its terms, but the right of the creditor as against a plea of the statute would have been measured by this new promise; and, even if the debtor had failed to pay, the creditor could recover only the instalment due under the terms of the agreement; and that would be so even if the defendant had made several of the payments. The creditor could take the money under the terms which the debtor had prescribed, and upon no other.

And by the reason of the thing the same principle must apply where the payment is made upon an agreement which, not being in writing, could not be enforced. If this $5 was paid in part performance of his agreement to pay by instalments, then it cannot be inferred that he intended to recognize the existence of the old debt as an actual subsisting obligation in any other way. The nature of the act is to be determined by the intention of the debtor as shown by the act, his words, and the circumstances accompanying and explaining it. *Taylor* v. *Foster*, 132 Mass. 30. *Roscoe* v. *Hale*, 7 Gray, 274. See also 13 Am. & Eng. Encyc. of Law, 750 *et seq.*, for a good collection of the cases.

While in this case the evidence is conflicting, we think it would warrant a finding that the only express promise made by the defendant was to pay in monthly instalments of $10 each,

and that he paid the $5 solely under that agreement. If that was so, then no other promise can be inferred from this payment, and the instruction requested should have been given.

*Exceptions sustained.*