LEROY LORD, Admr., vs. JOHN C. JONES.

York.    Opinion October 9, 1911.

*Statute of Limitations.    New Promise.    Revised Statutes, chapter 83, section 100.*

The defendant, who was the maker of a promissory note dated June 9, 1900, on May 6, 1910, wrote to the plaintiff, who was the holder of the note, a letter which contained the following: "I was at your place Sunday, but you were not there. I have some money due me in a number of places, but I couldn't collect in any. . . . . Now can't I fix it up with you by giving you my note for the amount, and then I will take it up as soon as I can, and I will do it before October 1st." The statute of limitations having been pleaded as a bar to a suit on the note it is *held*,

1. That it was competent for the plaintiff to show that the letter referred to the note, by showing that he had no other claim against the defendant.

2. That to take an indebtedness, otherwise barred, out of the statute of limitations by an acknowledgment in writing, it must appear that the acknowledgment was made under such circumstances and in such terms as reasonably and by fair implication to lead to the inference that the debtor intended to renew his promise of payment, and thus make a new and continuing contract.

3. That the letter was a sufficient acknowledgment of the indebtedness to take the note out of the statute of limitations.

On report.    Judgment for plaintiff.

Assumpsit on a promissory note. Plea, the general issue with a brief statement invoking the statute of limitations. At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*E. P. Spinney*, for plaintiff.

*Frank Wilson*, for defendant.

SITTING:  WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, JJ.

SAVAGE, J.  This is an action upon a promissory note dated June 9, 1900. The action was commenced August 30, 1910. The defense is the statute of limitations. The case comes up on report. The plaintiff seeks to take the note out of the apparent bar

of the statute by proving an acknowledgment or new promise. The plaintiff relies upon a letter dated May 6, 1910, written and signed by the defendant, and sent by him to the plaintiff. The body of the letter, so far as material, is as follows :—"I was at your place Sunday, but you were not there. I have some money due me in a number of places, but I couldn't collect in any. I rode Saturday night till ten o'clock. Now can't I fix it with you by giving you my note for the amount and then I will take it up as soon as I can, and I will do it before October 1st. . . . I will be over and see you as soon as I get home."

It is provided by Revised Statutes, ch. 83, sect. 100, that "No acknowledgment or promise takes the case out of the operation hereof, unless the acknowledgment or promise is express, in writing, and signed by the party chargeable thereby."

It is clear enough from the oral testimony in the case that in the expression in the letter "Can't I fix it," the defendant was referring to the note in suit, and that the defendant was not indebted to the plaintiff for anything else. But the defendant insists that the identity of the subject matter must appear in the letter itself, and cannot be shown by extrinsic oral evidence. But we think the point cannot avail the defendant. The letter on the face of it evidently refers to some claim or demand which the plaintiff had against the writer, and to a single claim. We think it was competent for the plaintiff to show, as he did, that he had no other claim than the note in suit. And if so, the word "it" in the phrase "can't I fix it" necessarily referred to that note. In *Bailey* v. *Crane*, 21 Pick. 323, a case cited by the defendant, the court, after stating the undoubted rule that an acknowledgment, to take a debt out of the statute, must satisfactorily appear to refer to the very debt in question, said also, with reference to the facts in that case,—"As the defendant has not shown that there was any other debt due from him to the plaintiff, his letter must be presumed to apply to the note in suit." And the court in the recent case of *Cotulla* v. *Urbahan*, 135 S. W. 1159, approved the same doctrine, saying that "if there is only one transaction, a reference to the debt is sufficient as to its identity."

The defendant also challenges the sufficiency of the acknowledgment. It is sometimes stated, somewhat loosely, that an unqualified acknowledgment of a debt as an existing debt is sufficient. But the rule is more aptly stated in *Krebs* v. *Olmstead*, 137 Mass. 504, where the court said that the plaintiff may take a case out of the statute "by showing an acknowledgment in writing by the defendant that the debt was due, made under such circumstances and in such terms as reasonably and by fair implication to lead to the inference that the debtor intended to renew his promise of payment, and thus make a new and continuing contract." And the court added,— "It is not enough to prove an admission of the debt, if it is accompanied by circumstances which repel such inferences, or leave it in doubt whether the debtor intended to make a new promise." See also *Wald* v. *Arnold*, 168 Mass. 134. The same principle was stated by this court in *Johnston* v. *Hussey*, 89 Maine, 488, in these words:—"The acknowledgment must also at least savor of a promise to pay," and,—"It must show a recognition of a legal obligation and an intention, or at least a willingness, to be bound by it." When such an acknowledgment is shown, the law will imply a promise to pay. *Johnston* v. *Hussey*, supra; *Bailey* v. *Crane*, supra.

We think the defendant's letter in this case falls within the principle thus stated. It would be drawing altogether too fine a point to say that it was not a distinct recognition of the note as an existing debt. And the defendant expressed a willingness to pay it. He proposed to give a new note for the old one, and expressly promised to pay the new note before a time certain. That would be payment. Accordingly we hold that the statute of limitations is not a bar to this action.

*Judgment for the plaintiff.*