RUSSELL G. GILL *vs.* WILLIAM O. GIBSON.

Essex.    October 20, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Limitations, Statute of. Evidence,* Presumptions and burden of proof.

In an action upon a promissory note which fell due more than six years before the action was commenced, where the defendant pleaded the statute of limitations, if the plaintiff introduces in evidence a letter from the defendant to the plaintiff's wife, dated less than six years before the date of the writ, in which he stated, "you will get your money some day with interest if it is any way possible for me to do it;" and another letter to the plaintiff dated a few days before the date of the writ, in which he stated, "If you will send me the dates and amounts of payments, so that I can compare with my account, I think a little later as soon as things start up I may be able to do something for you," and if there is no evidence warranting a finding that the defendant had become able to pay the note, the evidence will not warrant a finding of an acknowledgment of or of a new promise to pay the obligation, and a verdict properly may be ordered for the defendant.

In this action, the evidence of the defendant's circumstances was *held* not to be sufficient to warrant a finding that he had become able to pay the note.

CONTRACT upon a promissory note for $500, dated December 1, 1905. Writ dated April 14, 1915.

The answer set up the statute of limitations.

The case was tried before *Sisk,* J. Evidence as to the defendant's financial condition was as follows: The defendant stated that he was born and always had lived in Gloucester, Massachusetts, and he had been in the garage business there, owning a garage, since November, 1911. The garage business done by him consisted in part of repairing and of a very little storage. The garage property was subject to mortgages for a greater amount than "it will bring." He had been interested "to a very small amount" in a small corporation engaged in the fish business, which he said had been "practically dissolved" in the year 1914, and he was not then interested in the fish business, and was not doing business in the form of a corporation at the time of the trial. There was real estate which was assessed for $9,000 for taxation, the legal title to which was in the defendant at the time of the trial and which had been owned by the defendant continuously since a time earlier than June 16,

1910. He bought this real estate for $8,000 in November, 1911, and gave a mortgage back for $8,000 and had paid no interest on it after the first year of the mortgage. He had no other real estate and no automobile "in the name of" anybody. He had borrowed no money anywhere during the last year before the trial, which was on November 4, 1915, and had not borrowed money in the year 1911. He did not have to have any money to go into the garage business. He had not borrowed any money at all during the last six years before the trial. He did his banking with a national bank in Gloucester, but never had had a balance as large as $500 to his credit. He was the only person who ever had been interested financially in the garage business run by him.

Other material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff.

*E. S. Taft,* for the defendant.

RUGG, C. J. This is an action upon a promissory note. The defence is the statute of limitations. The plaintiff contends in avoidance of that defence that the evidence showed a sufficient acknowledgment and promise in writing within R. L. c. 202, § 12. Reliance in support of that contention is placed upon two letters of the defendant. The one under date of June 16, 1910, was written to the plaintiff's wife some time before the expiration of six years from the time of the last payment on the note. Its pertinent words are, "I have received a notice . . . in regard to the note of $500. . . . Now this seems very hard to me, as you well know that I should have paid the note and interest long ago if I had been able. . . . It seems as if in our relations that you might give me a little better chance than to place this in the hands of an attorney for collection, as you well know that you will get your money some day with interest if it is any way possible for me to do it." Whatever else may be said about these words, it is plain that at most they amount only to a conditional promise to pay when the promisor is able. There is no evidence in the record that the condition has been performed by his becoming able to pay. *Mitchell's claim,* L. R. 6 Ch. 822, 828. *Custy* v. *Donlan,* 159 Mass.

245. It was no new promise within the statute. *Wald* v. *Arnold*, 168 Mass. 134.

The defendant's letter to the plaintiff of April 8, 1915, contained these words: "If you will send me the dates and amounts of payments, so that I can compare with my account, I think a little later as soon as things start up I may be able to do something for you." This was not an unqualified acknowledgment from which a new promise may be inferred. *Boynton* v. *Moulton*, 159 Mass. 248. *Krebs* v. *Olmstead*, 137 Mass. 504. *Gillingham* v. *Brown*, 178 Mass. 417. *Weston* v. *Hodgkins*, 136 Mass. 326.

There was nothing to indicate that the defendant ever had been able "to do anything" for the plaintiff. *Gillingham* v. *Brown*, 178 Mass. 417. *Wenz* v. *Wenz*, 222 Mass. 314, 321.

*Exceptions overruled.*