TRUMAN M. SHAW, Admr. *vs.* M. A. BUBIER.

Androscoggin.   Opinion March 26, 1920.

*Promissory note.   Statute of limitations.   A new acknowledgment or promise.*
*R. S., Chap. 86, Sec. 100.   Debt must be acknowledged, and a willingness to*
*pay expressed.*

The plaintiff relies on the following letter to toll the statute of limitations:
Oct. 25.
Dear Sir:
All sick with new desese.   Bee down the first of the week and fix it up with you.

M. A. BUBIER.

*Held:*

That the letter, which was found by the presiding Justice to refer to the note in
suit, is not a sufficient acknowledgment, from which the law will imply a
promise to pay, to remove the bar of the statute of limitations.

Assumpsit on a promissory note given by defendant's intestate to
plaintiff's intestate, payable on demand.   Plea, the general issue with
a brief statement invoking the statute of limitations, as a bar to
recovery.   Heard by the justice of the Superior Court, without a
jury, reserving right of exception.   The presiding Justice ruled that
a certain letter signed by defendant removed the bar of the statute of
limitations, to which ruling defendant excepted.   Judgment for
plaintiff for $262.15.   Exceptions sustained.

Case stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*Jacob H. Berman, and Benjamin L. Berman,* for defendant.

SITTING:   SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.   The plaintiff relies on the following letter to toll
the statute of limitations:

"Oct. 25.

Dear Sir:

All sick with new desese.   Bee down the first of the week and fix
it up with you.

M. A. BUBIER."

The action is upon a promissory note and was heard by the Justice of the Superior Court, without a jury, with the right of exception reserved. The presiding Justice ruled "that the letter of M. A. Bubier to plaintiff's attorney, having reference, as I find it does, to the note sued upon, is a sufficient acknowledgment, with implied promise to pay, to remove the bar of the statute of limitations." To this ruling as to the effect of above letter, the defendant has exceptions.

Upon a careful consideration of the findings of facts and the authorities relied upon by the careful and learned justice, we are of the opinion that the exceptions must be sustained.

The statute of this State, R. S., Chap. 86, Sec. 100, provides that no acknowledgment or promise is sufficient to take the case out of the operation of the statute of limitations, "unless the acknowledgment or promise is express, in writing, and signed by the party chargeable thereby."

That this statute is to be construed strictly in favor of the bar which it was intended to create and not liberally in favor of a promise, acknowledgment or waiver, is settled by a line of decisions beginning with *Perley* v. *Little*, 3 Greenleaf, 97, collected in *Gray* v. *Day*, 109 Maine, 492, 496.

It is not every acknowledgment, although in writing, that is sufficient to remove the bar of the statute; to have that effect, it must be an acknowledgment that "the debt is due, made under such circumstances and in such terms as reasonably and by fair implication to lead to the inference that the debtor intended to renew his promise of payment, and thus make a new and continuing contract. But it is not enough to prove an admission of the debt, if it is accompanied by circumstances which repel such inferences, or leave it in doubt whether the debtor intended to make a new promise." *Krebs* v. *Olmstead*, 137 Mass., 504; *Lord* v. *Jones*, 108 Maine, 381. This court has said: "The terms must be such that the court itself will infer a new promise from them. . . . . The acknowledgment must be of an existing legal cause of action. It must show a recognition of a legal obligation and an intention, or at least a willingness to be bound by it. It must be an acknowledgment of a legal debt, a legal duty. A mere acknowledgment that a cause of action once existed is not enough. A full acknowledgment of all the facts alleged by the plaintiff will not suffice unless there appears also a recognition

of the legal duty." *Johnston* v. *Hussey*, 89 Maine, 488, 494. When such an acknowledgment is shown, the law will imply a promise to pay. *Lord* v. *Jones*, 108 Maine, 381, 383.

Do the terms of the defendant's letter authorize the court to infer a promise to pay? We think they do not.

Examination of the International, Century and Standard Dictionaries does not disclose any definition of the transitive verb "to fix," in the sense of adjusting or doing anything by way of payment. In the Century Dictionary the phrase "to fix up" is defined as, "(a) To mend, repair, contrive, arrange; (b) same as to fix out;" i. e. to set out, display, adorn, supply, fit out. In the Standard Dictionary the phrase "to fix up" is defined as "to mend or fit out." In the new Standard Dictionary, 1913, this statement is found: "Up is often added, and the expression is applied even to matters of business, as 'Fix that matter up somehow,' i. e. make some kind of agreement or adjustment that may dispose of it."

We think that it is in this latter sense that the recipient of the letter in question would ordinarily understand the phrase "fix it up with you." The phrase stands alone without any words to strengthen or explain it. It does not mean absolutely to pay; it does not even recognize the note as a legal debt; it may mean "I will attempt to compromise it with you." It may be construed as equivalent to saying: "You hold my note, which I do not owe; but I am willing to make some settlement to avoid litigation." An attorney receiving such a letter would expect, we think, some proposition for a settlement, not payment in full. In *Aston* v. *Aston*, 188 Ill., App., 12, the following letter was relied upon to avoid the statute:

"Embden Ill. Sept. 9 1910

"Well, Tom, in regard to the notes you sent over to collect, I will come over as soon as I can and we will fix it up some way, if I can't come through the week will come over some Sunday.

From Brother—J. R. ASTON."

The court said: "This expression either by itself or in connection with the other parts of the letter does not show either an acknowledgment of the debt or an unqualified willingness and intention to pay it.

It amounts to a statement that their matters would be explained when they meet, and as was said in *Wachter* v. *Albee*, 80 Ill., 47, and in *Ennis* v. *Pullman Palace Car Co.*, 165 Ill., 161, the language used 'we will fix it up some way,' cannot be held to be a promise to pay the debt."

In the instant case we think the letter cannot be construed as an acknowledgment of an existing cause of action, or as showing a recognition of a legal obligation and an intention, or at least a willingness, to be bound by it. In *Lord* v. *Jones*, 108 Maine, 381, relied upon in support of the ruling, the language was, "Now can't I fix it with you by giving you my note for the amount and then I will take it up as soon as I can, and I will do it before October 1st,"—a distinct recognition of an existing debt, an expressed willingness to pay it, a proposal to give a new note for the old one, and an express promise to pay the new note by a time certain; these elements are wanting in the instant case.

We, therefore, hold that the statute of limitations is a bar to the action.

*Exceptions sustained.*