JOHN W. BARBER *vs.* WILLIAM R. RATHVON.

Suffolk.    November 11, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* What constitutes, Consideration.    *Bills and Notes.*

One of several joint makers of a note, given in 1892 in Colorado to a resident of Massachusetts, wrote, in 1894, to the payee with reference to the obligation that he hardly expected "ever to be able to clean up" his "share of the old debts" but that, "if the means to pay ever comes to us, yours shall be the first debt lifted." In 1921 he was financially able to pay and the payee brought an action in this Commonwealth

in which he sought to enforce the promise contained in the letter of 1894. At the trial there was no evidence as to the due date of the note. There was not sufficient evidence to justify a ruling that the defendant had been financially able to meet the obligation for six years before the bringing of the action. There was no evidence of forbearance or of any express agreement to forbear. The judge ordered a verdict for the defendant. *Held,* that

(1) The cause of action, if any, upon which the suit was brought was not barred by the statute of limitations, G. L. c. 260, § 9;

(2) This was not an action to enforce an obligation where a new promise operated to waive a legal bar existing under a statute of limitations and to establish the conditions under which a recovery might be had according to the terms of the new promise;

(3) The old indebtedness was not a sufficient consideration for the new promise;

(4) The new promise could not be supported on a consideration of forbearance on the part of the plaintiff because there was no evidence of any forbearance to sue due to reliance on the promise, or in performance of any obligation to forbear, or in acceptance of any offer to pay if forbearance were given;

(5) There was no consideration for the new promise;

(6) The verdict for the defendant rightly was ordered.

CONTRACT. Writ dated July 1, 1921. The declaration as amended was as follows:

"And the plaintiff says that the defendant owed him the sum of $3,593.71 for money advanced for the use of the defendant and for services rendered. That in consideration of said indebtedness and in liquidation and payment thereof, the defendant made and delivered seven promissory notes to the plaintiff, amounting in total to said sum of $3,593.71, said notes bearing interest at the rate of eight per cent per annum. And thereafterwards, within six years next after the dates when said notes became due and payable, to wit, on or about July 16, 1894, the plaintiff was about to sue the defendant to recover the amount of said notes and interest; but, notwithstanding the premises, in consideration that the plaintiff would indulge the defendant, he (the defendant) then being in dire financial straights and need, and would forbear to sue him until the defendant was able to pay the same, the defendant agreed with the plaintiff and undertook to pay the said amount, to wit, $3,593.71 and said interest thereon to the plaintiff when he (the defendant) should be able so to do and when money and means should come to

him (the defendant) sufficiently so that he could so pay said indebtedness. And the plaintiff, relying upon said agreement and undertaking, and in consideration thereof, did forbear to sue the defendant until he (the defendant) was able to pay said amount together with said interest thereon and until money and means did come to him (the defendant) sufficiently so that he could pay said indebtedness. And the plaintiff avers that the defendant is now able to pay said amount and accrued interest in accordance with the terms of said agreement and undertaking, and that money and means have come to him (the defendant) sufficiently so that he can now pay said amount and said interest, he (the defendant) being now engaged in various occupations and holding various salaried offices connected with the Christian Science Church and faith, from which he receives and earns large sums of money in salaries, fees and otherwise and is otherwise amply able and possessed of sufficient money and means to pay said amount and interest. Wherefore an action has accrued to the plaintiff for the recovery of said amount and accrued interest and the defendant owes the plaintiff said amount and interest from the date of said notes, to wit, May 1, 1892."

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is described in the opinion. The plaintiff's counsel acquiesced in the following statement made by the trial judge: "Plaintiff's counsel says that while the promise contained in the letter of July 16, 1894, may be corroborated by other letters introduced in court or testified about, yet his cause of action is based upon the promise contained in the letter of July 16, 1894." Other proceedings at the trial are described in the opinion. The jury found for the plaintiff in the sum of $1,337.70. Before receiving and recording the verdict, the judge reserved leave to order a verdict for the defendant, and after the verdict was received and recorded, he so ordered. The plaintiff alleged exceptions.

*S. R. Cutler*, for the plaintiff.

*R. E. Buffum*, for the defendant.

WAIT, J. In August of 1892, the defendant with two partners, all of Denver, Colorado, constituting the firm of

Taylor and Rathvon, were insolvent and endeavoring to make a settlement with their creditors. They owed $3,593.-71 to a Boston partnership of which the plaintiff was a member. The plaintiff was visiting the defendant at Denver, and as a result of a conference held on August 9, 1892, at the defendant's house with the partners in Taylor and Rathvon, the plaintiff's firm received seven notes (six for $500 each and one for $593.71), signed by the three partners, bearing interest at eight per cent, dated at Denver, Colorado, May 1, 1892, but actually executed there in September, 1892. The plaintiff now owns his partner's interest in the notes. The notes themselves have been lost. The plaintiff cannot recall the date on which they were made payable. No demand for payment had been made upon them before the date of the writ in this action, and no suit has ever been brought upon them. The plaintiff and his partners, in August of 1892, and ever since have been citizens of Massachusetts. The defendant's partners never have been residents of Massachusetts. The defendant, except for two and a half years from 1908 to 1910, was resident in Colorado from 1892 until 1918. He resided in Massachusetts before 1892, was in Massachusetts in the period 1908 to 1910, and has resided here since 1918. The plaintiff and the defendant in 1892 were close friends, and have maintained the friendship ever since. They corresponded, and in 1892, 1894 and 1896 the defendant wrote to the plaintiff letters in which, among other things, he referred to the old indebtedness. In a letter of July 16, 1894, in which the defendant referred to certain lots in Denver, which, apparently, had been transferred in some way to the plaintiff as security for the notes given in 1892, he wrote: " Now I hardly expect ever to be able to clean up my share of the old debts, tho' if the money ever comes to me, I will so apply it, but both my wife and I feel that we owe to you and yours, more than a mere business obligation, and as I have before told you, if the means to pay ever comes to us, yours shall be the first debt lifted." The only " old debts " or " debt " referred to are the obligation of Taylor and Rathvon, and the seven notes given in settlement of it. This suit is brought upon the promise con-

tained in the words quoted.   The defendant admits that, when the suit was brought, on July 1, 1921, he was and now is " financially able to pay a sum of money equal to that declared for in this case."

At the trial in the Superior Court there was evidence to sustain the foregoing statement.   There was no evidence of forbearance or of any agreement to forbear other than such inferences as may be drawn from the facts so stated and the letters from the defendant referred to.   The judge at first refused to direct a verdict for the defendant, who claimed an exception.   He ruled that the promise, if any, was limited by its words to the defendant's share, one third, of the original liability; that the only consideration for the alleged promise was the antecedent liability; that no new or additional consideration was necessary to make the promise enforceable; and that no interest could be recovered other than six per cent per annum from the date of the writ.   To these instructions the plaintiff excepted, as well as to the judge's refusal to give certain instructions, which the plaintiff requested, in regard to forbearance as a consideration. The jury found for the plaintiff for one third of the $3,593.71, with interest from the date of the writ.   Thereafter, in accordance with leave reserved under G. L. c. 231, § 120, the judge, upon motion, ordered entry to be made of verdict for the defendant.   The case is here on the plaintiff's exceptions.

If the plaintiff was not entitled to go to the jury, he is not harmed by the instructions actually given to the jury or by the refusal to give the instructions requested.   We consider only the exception to the order directing a verdict for the defendant.

The cause of action, if any, upon which the suit was brought was not barred by the statute of limitations, G. L. c. 260, § 9.   No action could accrue upon that promise until the defendant was able financially to meet a judgment thereon, *Custy* v. *Donlan,* 159 Mass. 245, *Gillingham* v. *Brown,* 178 Mass. 417, *Tebo* v. *Robinson,* 100 N. Y. 27, and there was no sufficient evidence to justify a ruling that he had been so able for six years prior to July 1, 1921.   The evidence was not sufficient to determine whether the statute

of limitations had run upon the notes given in 1892; for there was nothing but speculation to determine when they became due. This is not a case of a suit on an obligation where the remedy has been lost through the operation of the statute of limitations, or of a discharge in bankruptcy or of a defence of minority, where a new promise is held to waive the legal bar existing and to establish the conditions under which a recovery may be had according to the terms of the new promise. In such cases the new promise is treated as supported by the original consideration. *Gillingham* v. *Brown,* 178 Mass. 417. *Wald* v. *Arnold,* 168 Mass. 134. *Custy* v. *Donlan,* 159 Mass. 245. *Krebs* v. *Olmstead,* 137 Mass. 504. *Chace* v. *Trafford,* 116 Mass. 529. *Wyman* v. *Fabens,* 111 Mass. 77. *United Society in Canterbury* v. *Winkley,* 7 Gray, 460. *Foster* v. *Shaw,* 2 Gray, 148, 153. *Way* v. *Sperry,* 6 Cush. 238. *Ilsley* v. *Jewett,* 3 Met. 439. *Little* v. *Blunt,* 9 Pick. 488. Here the right to recover is placed squarely on the new promise. We do not know that full legal liability does not still continue on the notes. The new promise rests for its consideration on either (1) the existence of the old indebtedness, or (2) forbearance to sue by the plaintiff. The cases already cited establish abundantly that the old indebtedness is not a sufficient consideration in these circumstances. It could not support at the same time both the obligations entered into in 1892 and the new promise made in 1896; distinct contracts, arising at different times.

It is the established law in this Commonwealth that mere forbearance without agreement is not enough to support a new promise to pay. *Mecorney* v. *Stanley,* 8 Cush. 85. *Manter* v. *Churchill,* 127 Mass. 31. *Way* v. *Dunham,* 166 Mass. 263; and that neither a promise to do, nor the doing of merely what the debtor already is bound to do is a sufficient consideration for such an agreement. *Warren* v. *Hodge,* 121 Mass. 106, *Smith* v. *Bartholomew,* 1 Met. 276, *Jennings* v. *Chase,* 10 Allen, 526, *Wilson* v. *Powers,* 130 Mass. 127. Both plaintiff and defendant testified, yet there was no evidence of any forbearance to sue due to reliance on the promise, or in performance of any obligation to forbear, or in acceptance of any offer to pay if forbearance were given.

A failure to begin proceedings to enforce an obligation does not justify as matter of law the inference of an implied promise to forbear nor of a promise to pay. There was no consideration for the new promise.

We are not led to a different conclusion by the authorities cited by the plaintiff. In *Lonsdale* v. *Brown,* 15 Fed. Cas. 855, the suit was on the original undertaking, and there was consideration for the forbearance; in *Tebo* v. *Robinson,* the court did not consider the question of consideration; with *Breed* v. *Hillhouse,* 7 Conn. 523, we are unable to agree; while the cases cited from our own reports, *Train* v. *Gold,* 5 Pick. 380, *Drury* v. *Fay,* 14 Pick. 326, *Boyd* v. *Freize,* 5 Gray, 553, *Walker* v. *Sherman,* 11 Met. 170, 172, *Burr* v. *Wilcox,* 13 Allen, 269, *Wald* v. *Arnold,* 168 Mass. 134, *Gill* v. *Gibson,* 225 Mass. 226, and *Little* v. *Blunt,* 9 Pick. 488, are either clearly distinguishable on their facts from the case before us, or are in substantial accord with the law as herein stated. The judge was right in directing the verdict for the defendant.

*Exceptions overruled.*