Robbins, J.
This is an action of contract to recover for money loaned. The only defense now material is the Statute of Limitations.
The loan was made in 1928, and the writ was brought August 13,1936. The claim was barred unless a letter writ *220 ten by tbe defendant on August 5,1936 was sufficient to take tbe case out of the statute. The trial court found that this letter was sufficient for this purpose. Unless the trial court was wrong in so ruling, the report must be dismissed, as all the requests for rulings filed by the defendant and denied by the trial court raise this question in various forms.
On July. 31, 1936, the plaintiff wrote a letter to the defendant which was received by him and which by agreement as to translation is as follows:
“July 31, 1936.
Mr. A. Hendrickson,
181 Oak St.,
Clinton, Mass.
Please pay me my loan which you have borrowed as soon as possible. You well know the amount.
ELLI LAHTI,
Princeton, Mass. Box 34.”
On August 5, 1936, the defendant’s wife at the defendant’s request and direction and as his agent wrote a letter to the plaintiff which was received by her and it was agreed that the translation is as follows:
“We received your letter in which you demand your money from us. We do not remember when we have borrowed from you, not I neither Axel says of remembering it. We will pay our debt if you will write and let us know when we have borrowed it and the amount.
If we owe you, it has remained unpaid because of forgetfulness.
We will pay at once as soon as we receive reply to this letter so that we know the amount.
We are not that kind of people who take other’s possessions and not give it back. I have tried to be honest to others, I know everybody needs his own.
In my opinion it would have been nicely done E. (Elli, tr. n.) if you had sometimes nicely reminded us of it and not at once sent out such a terse letter. I know if *221 angers if one borrows and does not pay, bnt we will pay, but it only has been forgotten by us. We will pay it with interest when we receive answer to this.
SIIRI & A. HENDRICKSON,
181 Oak St., Clinton, Mass.
On August 7,1936, the plaintiff replied to the letter written by the defendant’s wife, the same being received by the defendant, and it was agreed that the following was a translation of that part material to the case:
“Now I am going to state the sum and the time when it was taken. They are all marked down. The sum is five hundred ($500) American dollars, taken on Dec. 13, 1928. Count for yourself what it makes in interest —you may be better in counting than I, a foolish boor here in the backwoods. I just need something to eat; therefore, no dispute. What is so, is so, and I should like to get it, the sooner, the better, as I am in need.
Thus, the original' amount was five hundred — not a whit more or less. What the usual interest added brings it to, I am not so particular about it.”
“It is a settled principle that in order to avoid the statute of limitations there must be either a new express promise to pay, or one which the law implies from an acknowledgment of the debt as a present indebtedness; and the promise, whether express or implied, must be unconditional, or there must be evidence that the condition has been performed.” Wenz v. Wenz, 222 Mass. 314, 321. Custy v. Donlan, 159 Mass. 245. Gillingham v. Brown, 178 Mass. 417, 421.
It is not necessary that the letter should state the specific sum due the plaintiff if its terms are broad enough to cover the amount of indebtedness shown by other evidence to be due. Barnard v. Bartholomew, 22 Pick. 291, 293.
The first paragraph of the defendant’s letter of August 5,1936 says that the defendant does not remember when he *222 borrowed tbe money; it does not even say that the defendant does not remember borrowing the money, much less does it deny the borrowing. In the first, third, and last paragraphs are promises to pay the loan, in fact there are two such promises to pay in the last paragraph. If it be said that some of these promises are on the condition that the plaintiff reply to the letter giving the amount and date of the loan, that condition was performed. These promises, in our opinion, constituted new promises within G. L. Ch. 260, §13 quite sufficient to take the case out of the statute of limitations.
. The trial court found that the letter contained an acknowledgment of the debt from which a promise to pay could be implied, thereby taking the case out of the statute. We reach the same result by reason of the express promises to pay. Whatever the reason, it is of no help to the defendant. The report is to be dismissed.