Sullivan, J.
In this action of contract the plaintiff’s declaration is predicated on an accounting between the parties as follows, “And the plaintiff says that the defendant and himself had a mutual settlement among themselves of all indebtedness between them and there was a balance, found due the plaintiff on accounting together for the sum of four hundred twenty-seven dollars and forty-seven cents ($427.47) which the defendant then and there *358 promised to pay him as soon as he was able with the interest thereon from April 30, 1935 on or about which date demand for payment was made.”
There was evidence that the parties had business dealing with one another and in consequence the defendant gave the plaintiff certain notes; that thereafter an accounting was had indicating that the defendant owed the plaintiff $427.47 which the defendant promised to pay at a weekly rate of ten dollars when he was able; that the defendant made payment in the sum of thirty-dollars leaving a balance of three hundred ninety-seven dollars forty-seven cents due the plaintiff. The defendant offered no evidence.
The following requests for rulings of law were filed by the defendant i. e. “1. The evidence requires a finding for the defendant. 2. The evidence does not warrant a finding for the plaintiff. 3. The evidence warrants a finding for the defendant.” These requests were denied.
The court in its finding stated that, “Defendant’s requests 1, 2, and 3 are denied, for I do not so find facts, which briefly are notes unpaid totaling amount found and further supported by accounting between the parties thereto” and found for the plaintiff in the sum of three hundred ninety-seven dollars and forty-seven cents with interest from April 20,1935.
The report is alleged to contain all the evidence material to the issues involved.
An “account stated” is “an acknowledgement of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due. It thereby becomes a new and independent cause of action.” Chase v. Trafford, 116 Mass. 529, 532. Barker Auto Co. v. Bennett, 219 Mass. 304, 308.
*359 In Buxton v. Edwards, 134 Mass. 567, 578, the court declares that “an accounting together is not the creation of a new debt. It is a new statement and an acknowledgment of an old debt from which a promise to pay is implied sufficient to maintain an action, but not to discharge the old debt, or to bar an action upon it in its original form. There may be an express promise which will supersede that which is implied, and which will discharge the original debt. ’ ’
There was uncontradicted evidence that an accounting was had between the parties; that there was due the plaintiff the sum alleged in the declaration and as a result the defendant agreed to pay the amount so due “as soon as he was able”; that in carrying out such promise the defendant paid thirty dollars leaving a balance of three hundred ninety-seven dollars and forty-seven cents ($397.47). The report states that the defendant agreed to pay weekly the sum of ten dollars, when able. The declaration does not set out a promise to make weekly payments; the promise set out was to pay the amount “as soon as he was able.” There is no evidence that he was able to pay.
There is no evidence as to notes having been given to the plaintiff nor the date of such notes. We are unable therefore to state whether or not the Statute of Limitations would be a factor in determining the liability of the defendant on his promise to pay.
“If the promise whether express or implied be conditional, it must be shown that the conditions have been fulfilled.” Gillingham v. Brown, 178 Mass. 417, 421 and cases cited.
In the later case at page 422 citing Phillips v. Phillips, 3 Hare 281, 300, Vice Chancellor Wigram is quoted as stating * * * “If the debtor promises to pay the old debt when he is able, or by installments, or in two years or out *360 of a particular fund, the creditor can claim nothing more than the promise given.”
The promise given in the instant case is to pay “as soon as he was able.”
In Gillingham v. Brown, supra, the defendant agreed to pay a debt which was barred by the Statute of Limitations and made an oral promise to pay in monthly installments of ten dollars. A payment of five dollars was subsequently made. Suit was brought to recover the entire amount less the five dollars paid but the court ruled that the plaintiff could recover only the amount due on installments at the beginning of the action.
“The creditor could take the money under the terms which the debtor had prescribed and upon no other.”
See a discussion of cases by Hammond, J.
Defendant’s requests #1 and #3 should have been given. To quote request #1, “The evidence requires a finding for the defendant.” The finding for the plaintiff is vacated.
An entry will be made: Finding for defendant.